JOSEPH H. MASEK AND OTHERS v. HENRY HEDLUND AND OTHERS.[1]

March 13, 1925.

No. 24,424.

**Ownership of money damages for death by wrongful act.**
1. Money received by a representative of an estate under section 9657, G. S. 1923, does not belong to the estate but to those named in the statute.

**Jurisdiction over such money is in district court.**
2. The probate court has no jurisdiction over such money. The district court has.

**Widow's allowance cannot come from it.**
3. The widow cannot select therefrom her statutory $500.

**Statutory distribution of such money.**
4. The statute regulates and directs the proportion in which such money shall be distributed, to-wit: "In the same proportion as per-

[1]Reported in 202 N. W. 732.

sonal property of persons dying intestate." The element of dependency is not involved in this statute; the element of pecuniary loss is.

*Headnote 1. See Death, 17 C. J. p. 1210, § 58.

Headnote 2. See Courts, 15 C. J. p. 993, § 418; p. 1011, § 424 (1926 Anno).

Headnote 3. See Descent and Distribution, 18 C. J. p. 846, § 79 (1926 Anno).

Headnote 4. See Death, 17 C. J. p. 1207, § 57; p. 1212, § 60.

Action in the district court for Hennepin county. From an order, Dickinson, J., directing the disbursement of $2,971.74, as stated in the second paragraph of the opinion, defendants appealed. Reversed.

*Masek, Lynch & Levy*, for appellants.

*Dahl & McDonald* and *F. M. Miner*, for respondents.

WILSON, C. J.

Section 9657, G. S. 1923, which gives an action for death by wrongful act, provides that the damages "shall be for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate."

Suit was brought under this statute. Settlement was made and plaintiff received $4,500. After paying attorneys' fees and expenses there remained $2,971.74 for distribution. Deceased left a widow and 4 children, all but one of whom had reached their majority. The minor was 14 years of age. Upon a petition for distribution the trial court made an order, from which this appeal is taken, in which distribution was directed as follows:

"Henry Hedlund, son of said deceased, the sum of $100.00;

Anton Hedlund, son of said deceased, the sum of $100.00;

Hulda Hedlund, daughter of said deceased, the sum of $100.00;

To Emily Hedlund, wife of said deceased, the sum of $1,781.16 which is two-thirds of $2,671.74, and to Clifford Hedlund, minor son of said deceased, the sum of $890.48, which is one-third of $2,671.74, the balance in the hands of plaintiff above named, after paying $100.00 each to Henry, Anton, and Hulda Hedlund."

The damages do not go to the estate of the decedent for distribution under the laws of descent. This money is not liable for debts of decedent, but belongs exclusively to those named in the statute. Mayer v. Mayer, 106 Minn. 484, 119 N. W. 217; Aho v. Republic Iron & Steel Co. 104 Minn. 322, 116 N. W. 590. The probate court has no jurisdiction over this money. It must be handled under the jurisdiction of the district court. The widow cannot select her $500 worth of personal property, under the statute of descent, from this money. This money never belonged to decedent. The statute, however, regulates the proportion in which damages recovered shall be distributed. This language is clear. Watson v. St. Paul City Ry. Co. 70 Minn. 514, 73 N. W. 400.

We are of the opinion that the statute directs that this money should be divided as follows: One-third to the widow and one-sixth to each of the children.

Reversed.