# RICHARD JAMES PHILIPS v. HENRY J. ARETZ AND ANOTHER.[1]

June 4, 1943.

No. 33,455.

[1]Reported in 10 N. W. (2d) 226.

326

*Daniel F. Foley,* for appellant Fidelity and Deposit Company of Maryland.

*Louis Sachs,* for appellant Henry J. Aretz.

*Hyman M. Juster,* for respondent.

JULIUS J. OLSON, JUSTICE.

During the time herein stated, defendant Henry J. Aretz was engaged in the sale of intoxicating liquor at 4730 Excelsior Boulevard in the village of St. Louis Park. He was licensed both as an "on sale" and "off sale" dealer. The other defendant is the surety on his liquor dealer's bonds given in conformity with the requirements of the statute and an ordinance of the village. The complaint charges that on January 8, 1941, shortly after midnight, Aretz, in violation of the ordinance and the statute, sold liquor to plaintiff's father, one Bertrem Philips, who as the result of drinking the same became "sick, confused, helpless and intoxicated." On his way home, because of his intoxicated condition, he was struck by a passing motorist and died a few hours later.

Plaintiff is five years of age and brings this action by his mother as his natural guardian. That the complaint adequately states a cause of action is not questioned by either defendant. Rather, the problem presented is whether paragraph III of Aretz's answer and paragraph V of the surety's answer, which are identical, state a defense to plaintiff's cause. The court sustained plaintiff's general demurrer thereto, and defendants have appealed from that order.

That part of the respective answers to which the demurrer is directed alleges that shortly after Bertrem's death plaintiff's mother,

as special administratrix of her husband's estate, brought an action against one Costigan, the owner and operator of the automobile which struck Bertrem, claiming damages in the amount of $10,000 under the death by wrongful act statute. In that action she claimed that Costigan's negligence caused her husband's death. After issues were joined in that action and while it was pending for trial, an agreement was reached between the plaintiff as administratrix and Costigan whereby the latter paid plaintiff $3,250 in full settlement of that action. She reported the settlement to the court, and it was duly approved. In concluding that settlement she executed and delivered to Costigan "a full release from said cause of action and a dismissal of said action with prejudice and without costs to either party." Pursuant to the settlement, the court directed that out of the recovery obtained $702.23 should go to the present plaintiff as his share thereof, and this direction was carried out and the money deposited in the Farmers & Mechanics Savings Bank of Minneapolis to the child's credit. Later, Mrs. Philips reported all her acts in this matter to the probate court, her report was approved, and she was thereupon duly discharged as such representative.

The only question presented is whether the settlement of the Costigan action operates as a bar to recovery in this case.

The death by wrongful act statute, Minn. St. 1941, § 573.02 (Mason St. 1940 Supp. § 9657), so far as here material, provides:

"When death is caused by the wrongful act or omission of any person or corporation, the personal representative of the decedent may maintain an action therefor if he might have maintained an action, had he lived, for an injury caused by the same act or omission. * * * The damages therein cannot exceed $10,000, and shall be for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate."

The provision of the liquor ordinance requiring the giving of a bond is substantially the same as that of Minn. St. 1941, § 340.12(4), (Mason St. 1940 Supp. § 3200-26[d]), which reads:

"That the licensee will pay to the extent of the principal amount of such bond any damages for death or injury caused by or resulting from the violation of any provisions of law relating thereto, and in such cases recovery under this subdivision may be had from the surety on his bond. The amount specified in such bond is declared to be a penalty, the amount recoverable to be measured by the actual damages."

Pursuant to statutory and ordinance requirements, Aretz, as principal, and the corporate defendant, as surety, executed the bonds involved in this litigation. The "on sale" bond is in the penal sum of $4,000, conditioned that if the principal "shall (a) obey the laws relating to such licensed business;" and "(d) shall pay to the extent of the principal amount hereof any damages for death or injury caused by or resulting from the violation of any provisions of law relating thereto," then the obligation should be void, otherwise to remain in full force and effect. The "off sale" bond is in the penal sum of $2,000 but is otherwise and in substance conditioned, insofar as the present cause is concerned, the same as the "on sale" bond.

■ Defendants' position is that "for one loss or injury there can be but one remedy or recovery," and, since Costigan has been released, "he being a joint tortfeasor or a concurrent tortfeasor, as the case may be," therefore and thereby they were also released. They cite and rely upon such cases as Smith v. Mann, 184 Minn. 485, 239 N. W. 223, and Driessen v. Moening, 208 Minn. 356, 294 N. W. 206, in support of their claim. In the Smith case we said (184 Minn. 486, 239 N. W. 223): "For plaintiff it is conceded, necessarily, that *an injured party who has accepted satisfaction, 'from whatever source it may come,' cannot recover again for the same injury."* (Italics supplied.) In the Driessen case we held that, since plaintiffs had received *quid pro quo* for their asserted wrongs, there being no fraud, overreaching or mistake, the settlement and release of the flooding of plaintiff's land deprived him of further claims to damages on that account.

No one questions the soundness of the holdings of the cases mentioned and many others of like import, here and elsewhere.

■ It will be noted, however, that in this case there are two legislative enactments to be considered, one involving the rights and remedies given by the death by wrongful act statute, the other dealing with the rights and remedies given by the liquor license law. Both are remedial enactments providing rights and remedies unknown to the common law. Under the former, the "surviving spouse and next of kin" are given rights, within the limits of the statute, to recover damages measured by "the monetary loss to the heir or heirs of the decedent." Lewis v. Connolly Contracting Co. 196 Minn. 108, 114, 264 N. W. 581, 584. In Schwarz v. Judd, 28 Minn. 371, 372, 10 N. W. 208, 209, Mr. Justice Mitchell said:

"This right of action is given for the benefit of the widow and next of kin. The theory of the statute is that they have a pecuniary interest in the life of the deceased, and its object is to compensate them for their loss caused by his death. As their pecuniary loss is the sole measure of damages, so the satisfaction of that loss is the sole purpose for which the right of action is given."

In Masek v. Hedlund, 162 Minn. 291, 292, 202 N. W. 732, we said: "The element of dependency is not involved in this statute; the element of pecuniary loss is." Our cases are cited under the notes in 2 Dunnell, Dig. & Supp. §§ 2609, 2610. Under that act there can be no recovery except by proof of negligence on the part of the defendant. That is the very foundation of the right of recovery. And the defendant may plead and prove decedent's contributory negligence as a defense (see Id. Dig. & Supp. § 2616), since the statute, as will be noted, provides that to maintain the action the requirement is that the decedent, if he had lived, "might have maintained" such an action. Jurisdiction to enforce the remedy afforded thereby lies wholly with the district court. The probate court has no jurisdiction. Compensation for the pecuniary loss is "for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of

330

persons dying intestate." Masek v. Hedlund, 162 Minn. 291, 292, 202 N. W. 732, *supra*.

■ In the recent case of Mayes v. Byers, 214 Minn. 54, 63, 7 N. W. (2d) 403, 407, we held that the liability created under the liquor license statute has for its basis "a *penalty* measured by the injuries suffered" within the limits fixed by the bond. "In legal contemplation," we said that *"recovery is allowed not for a tortious wrong done to plaintiff, but as a means of enforcing the penalty imposed on the dealer."* (Italics supplied.) For that reason, we concluded that "contributory negligence as a defense is wholly inapplicable. To recognize plaintiff's fault as a defense would defeat the only means provided by statute for the enforcement of the penalty." ·

■ As we have seen, these statutes are wholly unrelated in scope and purpose. In the action by the administratrix against Costigan his negligence was the sole basis upon which that cause was founded. In the instant case the liquor dealer's liability to plaintiff does not involve that issue at all. Rather, and only, his liability is a means of "punishment * * * for having violated the law," and is not based on "a wrong done to the plaintiff." Mayes v. Byers, *supra*. Thus defendants' theory of avoiding liability on the ground that Aretz and Costigan were "joint" or "concurrent" tortfeasors in causing Bertrem's death cannot be sustained in this kind of action, which is one to enforce a penalty under a statute which "contains no implication that the prohibited act must be done knowingly or wilfully" or that defenses such as contributory negligence, lack of guilty knowledge, or the like are essential elements of the case. Intent, therefore, is not a necessary or relevant "feature of the case, and is immaterial. Whether the prohibited act is done negligently, with malice, intent, or in a spirit of sport, is unimportant." 23 Am. Jur., Forfeitures and Penalties, p. 661, § 77, and cases under notes.

■ · We think, and so hold, that recovery here "is allowed not for a tortious wrong * * * but as a means of enforcing the penalty imposed on the dealer" by statute, ordinance, and by his own con-

tract.    Mayes v. Byers, 214 Minn. 54, 63, 7 N. W. (2d) 403, 407, *supra*.

Order affirmed.