MARVIS BIELINSKI ADAMSON, GUARDIAN AD LITEM
OF BRUCE BERNARD BIELINSKI AND OTHERS, v.
JAMES E. DOUGHERTY, d.b.a. DOUGHERTY'S BAR.

81 N. W. (2d) 110.

February 1, 1957—No. 36,834.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *David W. Nord,* for appellant.

*Carroll, Thorson & Anderson,* for respondent.

THOMAS GALLAGHER, JUDGE.

Three actions by the guardian ad litem of the three minor children of Bernard A. Bielinski, hereafter referred to as decedent, who was killed in an automobile accident September 29, 1950, to recover damages from defendant, James E. Dougherty, d.b.a. Dougherty's Bar, under M. S. A. 340.95, which provides:

"Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; * * * and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

In each of the complaints plaintiff alleged that on September 29, 1950, defendant illegally sold to decedent sufficient liquor to cause him to become intoxicated; that while in that condition he operated a motor vehicle upon the public highways of the state which, because of his intoxicated condition, he caused to collide with another motor vehicle operated by one George Harvie; that such collision was the direct and proximate result of the illegal sale of intoxicating liquor by defendant to decedent; and that as a result of such collision

decedent sustained injuries from which he died, all to plaintiff's damages in the sum of $50,000.

For his first, fourth, and fifth defenses to such causes of action, defendant pleaded as follows:

"First Defense.

"Plaintiff's complaint fails to state a claim upon which relief may be granted."

"Fourth Defense.

"In the prior actions of Marvis Bielinski Adamson, Special Administratrix of the Estate of Bernard A. Bielinski, deceased, v. James H. Colwell, Special Administrator of the Estate of George Harvie, deceased, Hennepin County District Court File No. 477450, and other actions which were consolidated for trial therewith, it was determined by the jury, which determination became incorporated in the judgment therein, that the said accident was caused by the fault of George Harvie and that it was not caused by the fault of Bernard A. Bielinski, which adjudication was affirmed by the Supreme Court in Bielinski v. Colwell, 65 N. W. 2d 113."

"Fifth Defense.

"Pursuant to the adjudication described in the Fourth Defense, plaintiff, by order of distribution of the District Court, received a full and complete payment for any injuries or damages which may have resulted from said accident and is not entitled to a further or double recovery therefor."

After service of the answer, plaintiff moved to strike such defenses on the ground that they were sham and false, and on November 18, 1955, the trial court made an order granting such motion. In a memorandum attached to and made a part of such order, the trial court stated:

"* * * The complaint clearly sets forth a claim for relief based upon Minn. Stat., Sec. 340.95; defendant may inform himself of the manner in which the alleged sale was illegal by resort to discovery procedures.

\* \* \* \* \*

"Defendant's fourth and fifth defenses are to the effect that plaintiffs may not maintain this action since any claim based upon the civil damage act is barred by an adjudication in a wrongful death action instituted by the administratrix of Bernard A. Bielinski's estate against the owner of the auto involved in the collision which resulted in his death; in that action Bernard A. Bielinski was found free from any fault, and the administratrix was awarded damages.

"* * * Much the same argument was made in Phillips v. Aretz, 215 Minn. 325, 10 N. W. 2d 226 (1943), where the administratrix of the estate of the decedent sued in a wrongful death action and the claim was settled; payment was made and full release given. An action under the civil damage act was then instituted. The Court held that the action was maintainable on the rationale that the action for wrongful death and the action based on the civil damage act are totally unrelated in scope or purpose; the former is based upon pecuniary loss, and dependency is not involved; the later is penal in nature—a method of punishing the liquor dealer for a violation of the law. In the former, negligence on the part of the defendant is essential to liability and contributory negligence is a defense; in the latter, negligence or contributory negligence of the deceased is of no materiality. This same reasoning is illustrated in several Minnesota decisions which have discussed the nature of this type of action. See Mayes v. Beyers, 214 Minn. 54, 7 N. W. 2d 403 (1943); Beck v. Groe, 245 Minn. 28, 70 N. W. 2d 886 (1955).

"In view of the above authorities, defendant's fourth and fifth defenses must fail, and plaintiff may properly maintain his action under the Minnesota civil damage act."

The present appeal is taken from the order striking such defenses.

With reference to the prior action referred to in defendant's fourth and fifth defenses, the facts are as follows: Shortly after Bernard A. Bielinski met his death as above described, his widow was appointed special administratrix of his estate and in this capacity commenced an action for $10,000 under the Wrongful Death Statute, M. S. A. 1949, § 573.02, against James H. Colwell, special administrator of the estate of George Harvie, driver of the other

car involved in the accident, who was also killed therein. The complaint there charged that the accident was caused by the negligence of George Harvie. Defendant therein answered, denying this, and by way of affirmative defense alleged that the negligence of Bielinski, plaintiff's-decedent, and particularly his intoxication, was a proximate cause of the accident.

At the trial of that action, plaintiff therein submitted evidence in support of her contention that Harvie's negligence was the sole cause of the accident. Defendant countered with evidence tending to establish that Harvie was free from negligence and that Bielinski's own negligence and intoxication had caused or contributed to the accident. The trial court's instructions on the issue of Bielinski's intoxication were as follows:

"* * * the specific elements of negligence charged by * * * defendant to have been committed by plaintiff's decedent Bielinski are as follows: (1) Operating a vehicle while under the influence of intoxicating liquor. * * *

* * * * *

"* * * the statutes of this State provide * * *.

* * * * *

"Section 169.12: 'It is unlawful for any person who is under the influence of intoxicating liquor to drive or operate any vehicle within this State.'

"Should you find that plaintiff's decedent was under the influence of intoxicating liquor at the time of the event out of which the accident occurred, that condition does not necessarily constitute contributory negligence on his part. It was admissible as evidence of contributory negligence, but unless it did so constitute or contribute, or unless he failed to exercise the degree of care required of a sober person, the mere fact that decedent may have been under the influence of alcohol did not constitute contributory negligence."

In the prior action the jury returned a verdict for plaintiff in the sum of $10,000. At that time M. S. A. 1949, § 573.02, limited the amount of recovery in wrongful death actions to $10,000, covering not only loss of support but medical, hospital, and funeral expenses

as well. Here the record in the prior action indicates that the issue of property damage was also submitted to the jury and included in the verdict returned. Subsequently, the trial court ordered judgment for defendant notwithstanding this verdict. In a memorandum attached to such order, it concluded that, while other evidence compelled this action, the issue of whether Bielinski's intoxication was a proximate cause of the collision had been finally determined by the verdict.

This court subsequently reversed the order for judgment notwithstanding the verdict and directed that it be reinstated. Bielinski v. Colwell, 242 Minn. 338, 65 N. W. (2d) 113. Following the remittitur from this court, judgment for plaintiff was entered and satisfied August 13, 1954, in the full amount thereof. The decree awarded $1,927.93 to Bielinski's widow and $1,285.29 to each of his three children. It is the three children for whose benefit the present actions under § 340.95 have been instituted.

On appeal it is defendant's contention that the trial court erred in striking the defenses above referred to in that (1) § 340.95, being remedial rather than penal in nature, would not authorize plaintiffs to again recover for damages compensated for in the prior action; and (2) there must be a causal relationship between the violation of § 340.95 and the damages sustained by a party seeking redress thereunder; and, since in the prior action it was determined that there was no causal relationship between Bielinski's intoxication and the accident, no recovery may now be had under § 340.95.

■ The underlying issue here is whether § 340.95 is penal or remedial in its nature. Based upon statements contained in our previous opinions, the trial court concluded with some justification that the penal nature of this section had been recognized by this court and therefore that recovery thereunder for damages previously compensated for was authorized, citing Beck v. Groe, 245 Minn. 27, 70 N. W. (2d) 886; Philips v. Aretz, 215 Minn. 325, 10 N. W. (2d) 226; Mayes v. Byers, 214 Minn. 54, 7 N. W. (2d) 403, 144 A. L. R. 821, in support of this conclusion.

■ In the cases cited, however, our language was directed toward the proper construction of M. S. A. 1941, § 340.12(4), which by its terms provided that the bond required of an applicant for a license to sell intoxicating liquor "is declared to be a penalty." Thus, in Mayes v. Byers, *supra,* we distinguished M. S. A. 1941, § 340.12(4), from § 340.95 as follows (214 Minn. 63, 7 N. W. [2d] 407):

"Reference is made to cases denying recovery under statutes such as Minn. St. 1941, § 340.95 (Mason St. 1927, § 3239), to a plaintiff who himself contributed to the intoxication of the person causing him injury. * * * They are inapplicable. *Section 340.95 does not manifest a legislative intent to protect the beneficiaries of the statute from their own failures or to impose a penal liability.* See Sworski v. Colman, 204 Minn. 474, 283 N. W. 778." (Italics supplied.)

In Philips v. Aretz, 215 Minn. 325, 10 N. W. (2d) 226, the issue determined was the penal character of M. S. A. 1941, § 340.12(4), rather than § 340.95, the court again as in Mayes v. Byers, *supra,* giving effect to the express provision therein that: "* * * the amount specified in such bond is declared to be a penalty, * * *."

In Beck v. Groe, 245 Minn. 28, 35, 70 N. W. (2d) 886, 892, in determining that an action under M. S. A. 573.02 could not be joined with one under § 340.95, this court stated:

"In * * * Mayes v. Byers, 214 Minn. 54, 63, 7 N. W. (2d) 403, 407, * * * this court held that the liability created under the liquor license laws has for its basis 'a penalty measured by the injuries suffered' within the limits fixed by the bond. * * *

"The wrongful death act and the civil damage act are wholly unrelated both as to scope and purpose. * * * any action brought under the civil damage act * * * could only be one brought to enforce a penalty under a statute which ' "contains no implication that the prohibited act must be done knowingly or wilfully" or that defenses such as contributory negligence, lack of guilty knowledge, or the like are essential elements of the case.' Philips v. Aretz, 215 Minn. 325, 330, 10 N. W. (2d) 226, 229. Neither is intent a necessary or relevant feature of civil damage actions under § 340.95, for it is

immaterial. Any suit therefore instituted under the civil damage act is not one for a tortious wrong; it is a means provided by statute to impose a penalty on a dealer of intoxicating liquor based upon contract. Mayes v. Byers, *supra;* Philips v. Aretz, *supra.*"

As above indicated the Mayes and Philips cases, cited in Beck v. Groe, *supra,* involved construction of M. S. A. 1941, § 340.12(4), rather than § 340.95. The language of the Beck case to the effect that a suit under the Civil Damage Act is a means to impose a penalty on a dealer of intoxicating liquor was used to indicate that the defenses of contributory negligence or lack of guilty knowledge are not available in an action for damages under § 340.95; but not, as plaintiff suggests, to determine that this section was other than compensatory in nature.

■ Other decisions relating to § 340.95, which refer to its penal characteristics, at the same time point out that its principal objective is the imposition of liability for damages caused by the intoxication of any person upon the dealer, who, by illegally selling intoxicating liquors, caused such intoxication. Hahn v. City of Ortonville, 238 Minn. 428, 57 N. W. (2d) 254; Fox v. Swartz, 228 Minn. 233, 36 N. W. (2d) 708. The necessary implication to be drawn therefrom is that, as in other damage actions, a claimant's prior recovery of the damages thus sustained would foreclose his right to again collect therefor under § 340.95; Driessen v. Moening, 208 Minn. 356, 294 N. W. 206; Almquist v. Wilcox, 115 Minn. 37, 131 N. W. 796; and that upon such a claimant would rest the burden of establishing that his damages were the proximate result of the illegal sale. It would follow that defendant's fifth defense to the effect that plaintiff had been fully compensated for the damages sustained as a result of the accident was valid and should not have been stricken.

■ This conclusion would not, of course, bar plaintiff from establishing that the judgment recovered in the wrongful death action *did not constitute full compensation for the damages* recoverable under § 340.95; or from establishing the right to recover to the extent of the penalty provided for under § 340.12 in line with our decision in Philips v. Aretz, 215 Minn. 325, 10 N. W. (2d) 226. In

this connection it is to be noted that the maximum recovery permitted under M. S. A. 1949, § 573.02, at the time of the accident was the sum of $10,000, while under § 340.95, there is no limitation as to the amount that may be recovered for loss of support. Likewise, the prior action was instituted for the benefit of the widow and funeral creditors of the decedent, as well as for his minor heirs, whereas the present action was instituted for the sole benefit of the latter. Such factors, of course, may have some bearing in determining whether plaintiff already has been fully compensated for the damages claimed herein. De Lude v. Rimek, 351 Ill. App. 466, 115 N. E. (2d) 561; Larabell v. Schuknecht, 308 Mich. 419, 14 N. W. (2d) 50. From the foregoing we conclude that the trial court did not err in striking defendant's first defense to the effect that the complaint failed to state a claim on which relief might be granted.

■ For his fourth defense, defendant pleaded that the prior verdict and judgment *finally determined* that the accident in which Bielinski met death "was caused by the fault of George Harvie, and * * * not * * * by the fault of * * * Bielinski." This was stricken by the trial court. We believe that it was correct in so doing. To bar recovery in pending litigation because of a final determination in prior judicial proceedings, it would seem to be essential that both causes be identical in form, scope, and purpose.

Here, the former action was instituted by the special administratrix of the estate of Bernard A. Bielinski on behalf of his surviving spouse and next of kin, as well as on behalf of claimants for his funeral expenses and for support rendered to him other than old age assistance under M. S. A. 1949, § 573.02. The present actions under § 340.95 were instituted by the guardian ad litem of the minor children of decedent for loss of their means of support, which, it is claimed, proximately resulted from defendant's illegal sale of intoxicants to decedent. As above indicated, if plaintiffs established causal relationship between such sale and their damages, recovery therefor would be authorized to any extent to which a jury might find their loss had not been compensated for in the prior action.

It is clear that the former action is distinct both in its scope and purpose from the present one. Beck v. Groe, *supra*. This factor would distinguish the situation here from those presented in such cases as Gammel v. Ernst & Ernst, 245 Minn. 249, 72 N. W. (2d) 364; Wilson v. Erickson, 152 Minn. 364, 188 N. W. 994; Coca-Cola Co. v. Pepsi-Cola Co. 36 Del. 124, 172 A. 260, wherein the courts held that determination of the issues in prior litigation, identical in form and scope with the subsequent action though against different parties defendant, foreclosed the plaintiff from submitting such issues in the subsequent proceedings.

It would follow that plaintiffs are not foreclosed on the issues now presented and therefore that the trial court did not err in striking defendant's fourth defense. In the trial hereof, both parties may present such evidence as they may have at their disposal, including that submitted in the prior action, so that all such issues may properly be determined at that time.

Remanded for further proceedings in accordance herewith.