# JOSIE LUND v. VILLAGE OF WATSON.

109 N. W. (2d) 564.

June 9, 1961—No. 38,165.

*W. D. Prindle,* for appellant.
*Schermer & Gensler,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the district court granting the defendant's motion to dismiss the plaintiff's cause of action. The plaintiff secured a judgment for personal injuries sustained in an automobile accident against an intoxicated defendant. The judgment was paid. She now seeks by this action to secure additional compensation from the municipal tavern owner whose employees allegedly sold the intoxicating liquor to the defendant in the first action. The question presented is whether a prior recovery by judgment in a common-law negligence action for personal injuries and special damages arising out of an automobile accident constitutes a complete bar to recovery by the same party in an action brought under the Civil Damage Act, Minn. St. 340.95, arising out of the same automobile accident, where the plaintiff in the civil damage action claims that certain general and special damages for personal injuries were not compensated for in the negligence action.

The motion for dismissal was considered by the trial court upon the pleadings in both actions and upon portions of the transcript and the instructions of the trial court in the first action, which will be referred to hereafter as Lund v. Sandven. The same material constitutes the record on this appeal.

From this record it appears that if given an opportunity the plaintiff would establish in the second case that on July 6, 1957, the date of the accident, she was a woman then 68 years of age who, while riding in an automobile owned and driven by her son, sustained injuries, including a broken right femur, as a result of a collision of the Lund automobile with an automobile owned and driven by one Alden L. Sandven. Mrs. Lund commenced an action for personal injuries against both Joseph Lund and Sandven for negligence and recovered a verdict in the sum of $14,000 against both defendants. The verdict was paid and she executed a satisfaction of the judgment.

At the trial in the case of Lund v. Sandven the plaintiff offered testimony of medical expenses which had been incurred up to the time of trial and in addition medical expenses which she might be expected to incur in the future. She also offered medical testimony that her right femur injury was permanent in nature. She asserts that on or about August 24, 1958, subsequent to the first trial, she suffered a serious and painful aggravation and reinjury of her right femur in that the metal pin which had been inserted operatively in her hip and femur broke due to the development of a condition which prevented union. Further hospitalization was required, and it is asserted that expenses for medical treatment were incurred in the sum of $2,317.

On February 26, 1959, Mrs. Lund commenced this action against the village of Watson pursuant to § 340.95, otherwise known as the Civil Damage Act. In this case she seeks to recover general damages plus the sum of $2,317 special damages, all of which she asserts are damages for which she has not been compensated by the judgment in Lund v. Sandven. The trial court granted the defendant's motion for dismissal made on the ground that the plaintiff's cause of action under § 340.95 had been wholly discharged by the payment and satisfaction of the judgment in the previous case.

The issues to be determined in this appeal involve an interpretation of the Civil Damage Act, § 340.95, which provides:

"Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has

a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

It is the contention of Mrs. Lund that the verdict and judgment in Lund v. Sandven does not bar her claim for damages which she asserts were not fully compensated for therein. She concedes that the recovery in the prior action should properly be set off against any recovery which she might effect under the Civil Damage Act. In this case she proposes to prove that she sustained greater damages than were established in the original case. She points out that because of the overly optimistic prognosis of her doctor, which time has proved to be in error, the jury did not consider the full extent of her injuries, as a result of which she was accordingly deprived of full compensation. From the record before us it appears that her doctor, who testified in the original action, was of the opinion that future medical expenses would be in the sum of $50. She asserts that as a matter of fact the future medical expenses have already exceeded the sum of $2,300. While her doctor in the original action testified that there was always a danger of unforeseen complications in the future, he expressed the belief that within a period of 1 year she would recover as fully as could be expected. There was this testimony with reference to possible outcome of her injuries:

"Q.   * * * You don't anticipate that she will require the services of any bone specialist or orthopedist or anything like that do you, doctor?

"A.   From what we see at this time, I would say no, not unless some complication develops.

"Q.   Yes, so that what you are hoping for, doctor, is that six weeks from now she will be able to bear weight on the leg and that within a year, as I understand it, that would be a year from the accident?

"A.   A year from now.

"Q. A year from now she would be recovered as fully as can be expected?

"A. That is correct.

"Q. You don't anticipate now that there will be any requirement of re-opening the fracture and doing a bone graft.

"A. From what we can see now, it should not be necessary."

On the subject of future pain and suffering and permanent damages, the court instructed the jury:

"* * * before you can award her anything for something that is going to happen in the future, you must be satisfied to a reasonable certainty that there will be pain and suffering in the future, and that there will be disability, and that there will be future medical expenses. A fair preponderance of the evidence in that regard is not enough. Neither should you proceed by speculation, conjecture or guesswork. You must be satisfied to a reasonable certainty as to the nature and extent of these future items before you can allow anything for them."

The jury was further instructed that they were to compensate Mrs. Lund fully and fairly for the damages "which it appears to a reasonable certainty that she will have or incur in the future." The plaintiff correctly argues that under the instructions of the court the jury could not award compensation beyond that justified by the evidence and that because of the particular medical testimony in the first case the jury was limited to a consideration of evidence which, the plaintiff asserts, wholly misconceived the actual nature and extent of her injuries.

If the allegations of the second claim for relief can be supported by evidence, it would appear that instead of recovering within a period of approximately 1 year, as the plaintiff's physician had assumed, she has in fact failed to recover and serious complications did set in requiring surgery. Further, if plaintiff is correct in claiming that the special damages of $2,317 have been incurred by reason of the aggravation to the original injury, it is apparent that the doctor's original estimate of $50 was not a realistic appraisal of the true extent of the plaintiff's damages.

The plaintiff contends that, although her cause of action for dam-

ages against the original tortfeasors was satisfied by payment of the judgment, her separate cause of action against the village under the Civil Damage Act remained intact and, therefore, permits a reassessment of her damage, subject to a setoff of the prior recovery. She contends that the prior recovery is not conclusive upon her because the two actions are separate, independent, and different in nature, scope, and purpose.

It is the contention of the defendant village, on the other hand, that Mrs. Lund has no cause of action under the Civil Damage Act because she has previously asserted her common-law cause of action for negligence against the intoxicated person, Sandven, and has been compensated therefor. It correctly points out that in the former case liability was admitted, that contributory negligence was not an issue, and that the only issue before the jury was that of damages, and it argues that had it been named as a defendant instead of Sandven and Lund no additional issues would have been presented in that case for determination. The defendant village further argues that the injury inflicted on plaintiff was indivisible and that collection of a judgment against one of two tortfeasors severally liable for the injury constitutes compensation in full and precludes a second suit, particularly where all of the elements of the damages assertable in the second suit were actually asserted in the prior action and no limitations were otherwise imposed upon the amounts of damages recoverable.

The defendant primarily relies on McClure v. Lence, 345 Ill. App. 158, 102 N. E. (2d) 546, and Manthei v. Heimerdinger, 332 Ill. App. 335, 75 N. E. (2d) 132. These authorities may be disposed of by noting that the Illinois Civil Damage Act considered in those decisions is viewed as a statute designed to compensate the injured person for damages sustained rather than as a means of enforcing a penalty imposed on the liquor dealer by statute, so that once compensation has been received all claims under the statute are gone. From these decisions it appears that under the Illinois act statutory and common-law claims arising out of the same injury constitute a single, indivisible cause of action. In the Manthei case the Illinois court considered but did not follow the holding of this court in Philips v. Aretz, 215 Minn. 325, 10 N. W. (2d) 226. In that case the father, who be-

came intoxicated by liquor sold to him by the defendant tavern keeper, was subsequently killed by an automobile. The administratrix of his estate executed a release in favor of the operator of the car, and a portion of the proceeds of the settlement was set apart for the benefit of the minor plaintiff. In a subsequent action by the minor against the tavern keeper to recover for damages, we held that the death-by-wrongful-act statute (§ 573.02) and the provisions of the liquor license law requiring giving of a bond by liquor dealers to cover damages resulting from violation of any law relating to their business (§ 340.12) were remedial enactments unknown to the common law, wholly unrelated in scope and purpose, and permitted separate recoveries.[1]

■ The plaintiff has no quarrel with the general rule to the effect that where one accepts satisfaction for a wrong from one tortfeasor and releases his cause of action, he cannot thereafter recover from anyone for the same injury or any part of it.[2] It may also be conceded that satisfaction of a judgment against one of two tortfeasors severally liable for the same individual injury constitutes full compensation and precludes a second suit where all of the elements of damage assertable in the second suit were actually asserted in the prior suit and

---

[1] The so-called Civil Damage Act (§ 340.95) should be distinguished from § 340.12 of the Liquor Control Act (§ 340.07, et seq.), which requires as a condition precedent to the issuance of a license that the licensee will, among other things, furnish a bond or insurance policy and will pay "damages for death or injury caused by or resulting from the violation of any provisions of law" to the extent of the principal amount of such bond or policy as therein provided. The latter statute has no application to the case before us, since the defendant municipality is not required to comply with its conditions. Stabs v. City of Tower, 229 Minn. 552, 40 N. W. (2d) 362.

[2] This rule and various applications of it are discussed in Hartigan v. Dickson, 81 Minn. 284, 83 N. W. 1091; Joyce v. Massachusetts Real Estate Co. 173 Minn. 310, 217 N. W. 337; Martin v. Setter, 184 Minn. 457, 239 N. W. 219, 80 A. L. R. 471; Smith v. Mann, 184 Minn. 485, 239 N. W. 223; Driessen v. Moening, 208 Minn. 356, 294 N. W. 206; Philips v. Aretz, 215 Minn. 325, 10 N. W. (2d) 226; Muggenburg v. Leighton, 240 Minn. 21, 60 N. W. (2d) 9; Gronquist v. Olson, 242 Minn. 119, 64 N. W. (2d) 159; Couillard v. Charles T. Miller Hospital, Inc. 253 Minn. 418, 92 N. W. (2d) 96; Benesh v. Garvais, 221 Minn. 1, 20 N. W. (2d) 532.

no limitations were otherwise imposed upon the amount of damages recoverable.

■ This assumption may be allowed in the ordinary case, but because of the nature and character of the Civil Damage Act such prior recoveries are not accorded the effect of a final determination that full compensation has been made. The statute clearly gives the right to the plaintiff, even after he has asserted his claim for relief against another, to bring the tavern keeper to account on the issue of full compensation of his injury.

■ The interpretation of the provisions of the Civil Damage Act has been the subject of a number of recent important cases decided by this court.[3] In Beck v. Groe, 245 Minn. 28, 34, 70 N. W. (2d) 886, 891, 52 A. L. R. (2d) 875, we said that the Civil Damage Act "is one highly penal in its nature" and that (245 Minn. 36, 70 N. W. [2d] 892) "it is a means provided by statute to impose a penalty on a dealer of intoxicating liquor based upon contract." We have also said that recovery against a tavern keeper under the liquor license laws is provided " 'as a means of enforcing the penalty imposed on the dealer' by statute."[4] It is well established in this state that an action under the death-by-wrongful-act statute is not a bar to an action under the Civil Damage Act, and this is true whether the action for death by wrongful act has been disposed of by judgment and satisfaction of the same[5] or by compromise and settlement.[6]

The case before us differs from previous authorities in which we have considered the application of the Civil Damage Act in that the prior recovery here is based on common-law negligence rather than on a claim for relief under a statute. We have been cited to no authority, nor has any valid reason been suggested, why a second action under

---

[3]Ritter v. Village of Appleton, 254 Minn. 30, 93 N. W. (2d) 683; Hartwig v. Loyal Order of Moose, 253 Minn. 347, 91 N. W. (2d) 794; Schmidt v. Driscoll Hotel, Inc. 249 Minn. 376, 82 N. W. (2d) 365; Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110; Beck v. Groe, 245 Minn. 28, 70 N. W. (2d) 886, 52 A. L. R. (2d) 875.

[4]Philips v. Aretz, 215 Minn. 325, 330, 10 N. W. (2d) 226, 229.

[5]Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110.

[6]Ritter v. Village of Appleton, 254 Minn. 30, 93 N. W. (2d) 683.

the Civil Damage Act should be permitted where the previous suit has been pursuant to statute and denied where the previous suit is based on common-law negligence. The same reasoning and purposes which permit two independent actions based upon different statutes should apply with equal force where one action is based upon the Civil Damage Act and the other on a different common-law theory of liability. There is nothing in the language of the act nor in the authorities which have discussed it to warrant such an interpretation. On the contrary, our decisions have consistently recognized the policy of giving full play to the purpose of the act, which is to impose upon the tavern keeper a disciplinary sanction which serves as a deterrent to violation of the law and fixes punishment in the amount of full compensation for damages to the person injured.[7] This policy serves the interests of both society and the injured person and is important enough to justify a second action against the tavern keeper which may not be defeated by a prior settlement not fully compensating the injured person.

■ We think that reversal is required under authority of Ritter v. Village of Appleton, 254 Minn. 30, 93 N. W. (2d) 683, and Ruditis v. Gallop (8 Cir.) 269 F. (2d) 50. The defendant makes no attempt to distinguish these authorities, nor are they cited in its brief. In the Ritter case a series of actions arose out of a collision between automobiles driven by decedent Fred Howard and decedent Henry Hanson. Decedent Hanson allegedly had become intoxicated by an illegal sale of liquor to him by the liquor store operated by the village of Appleton. Marjorie Howard, wife of the decedent Fred Howard, brought a common-law negligence action against the personal representative of the decedent Hanson, alleging damages for personal injuries and medical expenses. Settlement of this action was effected by payment to Marjorie Howard of the sum of $8,000. She thereupon exe-

---

[7]Pointing out that statutes are sometimes referred to as both remedial and penal, we said in Chard v. Darlington, 243 Minn. 489, 496, 68 N. W. (2d) 405, 409:

"* * * Strictly speaking, a penal statute is one which is intended to enforce obedience to the mandates of the law by punishing those who disobey it."

cuted a release in her action discharging Hanson's representative from any and all causes of action or demands accruing by reason of any damages, loss, or injury to person or property, or both, including loss of services, resulting from any acts done, omitted, or suffered by the said Hanson. Thereafter Marjorie Howard brought an action under the Civil Damage Act against the village of Appleton for loss of support resulting from the death of her husband. Over objection by the defendants that Marjorie Howard had released her full cause of action, the court permitted her to present her case to the jury, which returned a verdict in her favor of $25,000. This award was sustained on appeal. We held that the settlement made in the prior proceeding was based upon a compromise in which the issues of negligence, contributory negligence, and financial responsibility of the motorists were involved and did not cover full compensation due her.

In Ruditis v. Gallop (8 Cir.) 269 F. (2d) 50, the United States Court of Appeals had occasion to consider the effect of a settlement of an action for death by wrongful act preceding an action brought under the Civil Damage Act in light of our decision in Ritter v. Village of Appleton, *supra*. In the Ruditis case the lower court seemed to be of the view that (269 F. [2d] 53) "if appellant had sued and recovered a judgment under the Wrongful Death Act and the amount thereof was not in fact full compensation for his loss, 'he could now recover in this action such (additional) damages as would make him whole,' " but apparently felt that the settlement and release constituted full satisfaction or compensation for the injury. We think the court of appeals correctly disposed of this distinction in the following statement (269 F. [2d] 53):

"The case of Ritter v. Village of Appleton, Minn., 93 N. W. 2d 683, supra, decided by the Minnesota Supreme Court since the trial court's judgment herein was rendered, makes clear, we think, that no such distinction exists between the effect of a judgment and that of a settlement in respect to a Wrongful Death Act payment. An action for damages against a liquor dealer under the Civil Damage Act of that State is no more barred by a release made of third-party liability under the Wrongful Death Act on compromise and settlement than by the

recovery of a judgment under that Act; and it is as much open to being shown in the one situation as in the other that the sum received does not in fact amount to full compensation for the loss sustained."

■ The objection that the second suit will permit double recovery for the same injury is disposed of in Ritter v. Village of Appleton, 254 Minn. 30, 39, 93 N. W. (2d) 683, 689, where we said:

"It is true that plaintiffs cannot use the proceedings as a basis for a double recovery for the same losses."

The issue of whether the prior settlement, either by judgment or release, amounts to full compensation of plaintiff's damages is a question of fact to be determined in the second action.

Reversed.