**Bernard SMITH and Patrick B. Smith, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 78–1488.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1978.

Decided Dec. 20, 1978.

Stuart E. Gale, Bloomington, Minn., for appellants.

Andrew W. Danielson, U. S. Atty., and Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Plaintiffs Patrick B. Smith and Bernard Smith appeal from a judgment entered in the District Court for the District of Minnesota * dismissing their action for failure to state a claim upon which relief can be granted. For reversal plaintiffs argue the district court erred in determining plain-

tiffs' claim to be a tort claim and thus barred by the applicable statute of limitations, 28 U.S.C. § 2401(b).

For the reasons discussed below, we affirm the judgment of the district court.

Plaintiffs' action is based upon Minnesota's Civil Damage Act, Minn.Stat.Ann. § 340.95 (West 1972) (amended 1977),[1] a so-called Dram Shop Act. The facts are not disputed by the parties. On May 8, 1973, at about 8:30 p. m., plaintiff Patrick Smith was severely injured when he was struck while riding a bicycle by an automobile driven by Dwight G. McQuade, an officer in the Minnesota Air National Guard. The accident occurred in Bloomington, Minnesota. Plaintiff Patrick Smith was fourteen years old at the time of the accident. For some time prior to the time of the accident, McQuade had been drinking intoxicating beverages at the Fort Snelling, Minnesota, Officers Club Open Mess. The government concedes that McQuade was furnished intoxicating liquors to the point of and beyond a state of intoxication by bartenders at the Officers Club Open Mess and that McQuade was intoxicated both when he left the Officers Club Open Mess and when his automobile struck plaintiff Patrick Smith.

Plaintiffs, on September 5, 1973, notified the Fort Snelling Officers Club Open Mess of their intention to make a claim under the Civil Damage Act. Plaintiffs did not file an administrative claim with the Department of the Army.

Plaintiffs filed the present action on January 12, 1978, alleging as a jurisdictional basis the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq. The government filed a motion to dismiss for failure to state a claim upon which relief

---

* The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

1. Minn.Stat.Ann. § 340.95 (West 1972) (amended 1977) provides:

Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by an intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof.

can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6). After a hearing, the district court granted the motion to dismiss. The district court concluded that plaintiffs were barred by the operation of the applicable statute of limitations, 28 U.S.C. § 2401(b),[2] because their claim was a tort claim and they failed to file an administrative claim with the appropriate federal agency within two years after the claim accrued.

For reversal plaintiffs argue the district court erred in characterizing plaintiffs' action as a tort claim and in applying the two-year statutory period of 28 U.S.C. § 2401(b). Plaintiffs contend that their theory of liability is based upon breach of contract, that this contract analysis is supported by Minnesota case law, and therefore the applicable statutory period is the six years specified by 28 U.S.C. § 2401(a).[3] We do not agree.

■ It is well-settled that the filing of an administrative claim with the appropriate federal agency is a jurisdictional prerequisite to the bringing of a civil action against the United States for damages for the negligence or wrongful act of any employee of the United States. 28 U.S.C. § 2675(a); *see Meeker v. United States,* 435 F.2d 1219, 1220 (8th Cir. 1970); *Peterson v. United States,* 428 F.2d 368, 369 (8th Cir. 1970). Plaintiffs did not file an administrative claim. At most, they notified the Officers Club Open Mess of their intention to do so. This is insufficient. *Cf. Miller v. United States,* 418 F.Supp. 373, 376 (D.Minn. 1976) (counsel's letter indicating claim

would be made in the future held not sufficient).

■ It is also clear that 28 U.S.C. § 2401(b) specifies a two-year period of limitations for the filing of an administrative claim for tortious conduct. This statutory period is not tolled by the minority of the claimant. *Pittmann v. United States,* 341 F.2d 739 (9th Cir.), *cert. denied,* 382 U.S. 941, 86 S.Ct. 394, 15 L.Ed.2d 351 (1965); *Childers v. United States,* 316 F.Supp. 539, 542 (S.D.Tex.1970), *aff'd,* 442 F.2d 1299 (5th Cir.), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971).

■ As noted by the district court, the only question is whether or not plaintiffs' claim is a tort claim and as such barred by their failure to file an administrative claim within the two-year period of limitations. The applicable law is that of the place of the wrongful conduct, Minnesota. *Smith v. United States,* 334 F.Supp. 185, 187 (D.Minn.1971); *Gore v. United States,* 229 F.Supp. 547, 549 (E.D.Mich.1964). In *Dahl v. Northwestern National Bank of Minneapolis,* 265 Minn. 216, 121 N.W.2d 321, 324 (1963), the Supreme Court of Minnesota held that an action for damages under the Minnesota Civil Damage Act is based upon strict liability created by the statute which is tortious and not contractual. *See Anderson v. Luitjens,* Minn., 247 N.W.2d 913, 915 (1976); *Adamson v. Dougherty,* 248 Minn. 535, 81 N.W.2d 110, 115 (1947). Thus, under Minnesota law plaintiffs' claim is characterized as a tort claim, not a contract claim.[4]

2. Title 28 U.S.C. § 2401(b) provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."

3. Title 28 U.S.C. § 2401(a) provides: "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability . . . at the time the claim accrues may be commenced within three years after the disability ceases."

4. Contractual liability exists under the liquor bonding statute, Minn.Stat.Ann. § 340.12 (West 1972) (amended 1976), which provides:

. . . All such bonds shall be conditioned as follows:

(a) That the licensee will obey the law relating to such licensed business;

(d) That the licensee will pay to the extent of the principal amount of such bond or policy, any damages for death or injury caused by or resulting from the violation of any provisions of law relating thereto, . . . .

Plaintiffs failed to file an administrative claim within two years of the accrual of their tort claim and are barred from further action.

The judgment of the district court is affirmed.

There has been some difficulty in distinguishing between contractual liability under § 340.12 and strict liability under § 340.95. *See Philips v. Aretz,* 215 Minn. 325, 10 N.W.2d 226 (1943); *Mayes v. Byers,* 214 Minn. 54, 7 N.W.2d 403 (1943).