## C. R. PARMELEE v. TRI-STATE TELEPHONE & TELEGRAPH COMPANY.[1]

March 20, 1908.

Nos. 15,308—(69).

Action in the district court for Ramsey county to recover $10,000 damages for personal injuries. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion to set aside the verdict, and for a new trial, plaintiff appealed. Affirmed.

*Ayers & McDonald,* for appellant.

*O. E. Holman,* for respondent.

PER CURIAM.

Plaintiff sought to recover damages sustained by him while he was walking in a public highway, where he came in contact with a· highly charged electric wire belonging to and operated by defendant. The jury found for the defendant. This appeal was taken from an order of the trial court denying plaintiff's motion for a new trial. The assignments of error are addressed in part to the charge of the court.

One, question thus presented concerns the direction there given with respect to the burden of proof. The court charged that "the defendant would not be liable for the injuries to this plaintiff unless there is competent proof that the defendant company was guilty of some wrongful act or omission which caused his injury." Undoubtedly there are cases in which, on proof of damage by contact with a live wire by a pedestrian on a public thoroughfare, a prima facie case of actionable negligence is made out, and the burden of proof is thereby imposed on the defendant to show absence of negligence. In such a case plaintiff would be entitled to charge accordingly. This record does not present such a case. The question here was not the abstract one whether, when plaintiff rests after proof of damage by contact with the defendant's live wire, and defendant shows the intervention of a violent storm, the burden of proof is on plaintiff or defendant. Plaintiff did not prepare his complaint nor present his evidence consistently with the theory of "res ipsa loquitur." On the contrary, the essential allegation of negligence is that the defendant negligently allowed the wire to remain on the ground for an unreasonable length of time. As a part of his own case, plaintiff showed that the wire had been struck by lightning and had been broken away from its ordinary position after nine o'clock at night by a violent thunderstorm, and

[1] Reported in 115 N. W. 1135.

that the accident occurred after six o'clock in the morning. It was essentially admitted that defendant was not responsible for this act of God. Plaintiff made no request to charge in accordance with the doctrine of "res ipsa loquitur." Under the peculiar circumstances of this case, we find no reversible error in the charge of the court.

A more serious question concerns the assignment of error with respect to remarks of counsel. The substance of the objectionable matter concerned a reference to the probable liability of the St. Paul City Railway Company, by contact with whose lines the wire of defendant had been supercharged. From certain questions asked of the court by the jury, these remarks appeared to have affected the operation of the jurors' minds. If the trial judge had granted a new trial for this reason, we would freely have sustained his action. He was, however, in a much better position to judge of the existence and extent of any consequent prejudice than is this court. A large discretion in such matters is, of necessity, vested in him. The record does not contain enough to hold that his actual exercise of discretion involved reversible error.

Affirmed.