MARY LEGAC, RESPONDENT, v. VIETMEYER BROTHERS, INCORPORATED, A CORPORATION, APPELLANT.

Submitted January 26, 1929—Decided July 25, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *McDermott, Enright & Carpenter* (*James D. Carpenter,* of counsel).

For the respondent, *John J. Fallon, Jr.*

PER CURIAM.

This is the appeal of the defendant below from a judgment of the Hoboken District Court, in favor of the plaintiff, rendered by the judge, sitting without a jury.

The plaintiff instituted suit against the defendant alleging as follows: That on July 25th, 1927, the plaintiff purchased a loaf of defendant's bread from a retailer; that the plaintiff sliced the bread for use at her table; that while eating, or about to eat, one of the slices, she discovered therein or thereon a bug; that plaintiff, upon seeing the bug, became sick to her stomach, vomited, and was sick for some five days thereafter. The evidence at the trial tended to support such allegations. It appeared also that the plaintiff had had one or more operations which made her stomach somewhat weak.

The court refused defendant's motion for a nonsuit, and defendant took an exception, and that action of the trial judge is stated as a ground of appeal.

We think that the court erred in refusing the defendant's motion for a nonsuit under the rule laid down in *Ward* v. *West Jersey and Seashore Railroad Co.,* 65 *N. J. L.* 383. There the plaintiff was allowed to drive upon defendant's railroad tracks at a crossing, and defendant thereupon lowered the gates. The plaintiff was frightened and shocked through fear of being struck by an approaching train and as a result suffered physically. Chief Justice Gummere, in his opinion therein, says:

"The question which the demurrer presents is this: Whether, in an action for negligence, the mere apprehension of personal injuries, which are not in fact received, will support an action, when physical suffering follows as a consequence of the mental disturbance.

"It seems to be universally conceded that mere fright from which no subsequent physical suffering results, affords no

ground of action; but, in cases where physical injuries follow therefrom, the decisions are not harmonious. In my judgment, however, those cases which hold to the view that there can be no recovery for such injuries, rest upon sound legal principles, and should be followed."

After citing authorities, the Chief Justice continues:

"The doctrine of non-liability affirmed in the several opinions already referred to, rests upon the principle that *a person is legally responsible only for the natural and proximate results of his negligent act. Physical suffering is not the probable or natural consequence of fright, in the case of a person of ordinary physical and mental vigor;* and in the general conduct of business, and the ordinary affairs of life, although we are bound to anticipate and guard against consequences, which may be injurious to persons who are liable to be affected thereby, we have a right, in doing so, to assume, in the absence of knowledge to the contrary, that such persons are of average strength both of body and of mind."

Here there was no proof of knowledge by the defendant that plaintiff was not of average strength of body and mind.

Again in *Justesen* v. *Pennsylvania Railroad Co.,* 92 *N. J. L.* 257, Chief Justice Gummere, speaking for this court, said:

"In the second place, although physical sickness may result from *mental worry* produced by the wrongful act of another, it is not a necessary or natural consequence of the mental condition, *and* so *cannot be said to be the proximate consequence of the wrong done. Ward* v. *West Jersey and Seashore Railroad Co.,* 65 *N. J. L.* 383; *Butler* v. *Hoboken Printing and Publishing Co.,* 73 *Id.* 45, 50."

The judgment will be reversed.