RUTH SWENSON v. PURITY BAKING COMPANY.[1]

April 24, 1931.

No. 28,413.

Essie W. Williams, for appellant.
Denegre, McDermott, Stearns, Stone & Mackey, for respondents.

HILTON, J.

At the close of the evidence the court directed a verdict in favor of the defendant Purity Baking Company (hereinafter referred to as defendant). Plaintiff appeals from an order denying her motion for a new trial.

Action to recover $1,000 as damages alleged to have been caused by the negligence of defendants. There was a dismissal as to defendant Johnson by consent of parties.

Plaintiff lived with her mother, to whom she paid board. On March 6, 1930, the mother purchased from Johnson at his grocery store a loaf of sliced bread manufactured, labeled, and sealed by

[1]Reported in 236 N. W. 310.

defendant. At the family dinner table on the evening of that day, as plaintiff was about to eat a slice of the bread, she saw a dead larva of a Mediterranean flour moth about five-eighths of an inch long imbedded therein (not in the crust). She did not put any of the bread into her mouth. She claimed to have been made sick and nauseated, such condition continuing for some time, and that she has not since been able to eat any bakery foods. The next day plaintiff continued her work as a stenographer and has ever since.

The grounds upon which the court directed a verdict were that both under the pleadings and at the trial plaintiff's claim was based alone upon the alleged negligence of defendant; that negligence must actually be proved and could not be here conclusively assumed merely from the circumstance stated; that the testimony for the defense showed absolutely that everything that could humanly be done to prevent the occurrence was done by defendant (it was not necessary for the court to go to that extent however) ; that the defendant could only be held responsible for negligence which naturally produced the claimed results; that no case of negligence had been made out against the defendant or of liability on its part.

The question as to whether any recoverable damages had been proved, even nominal, need not be passed upon. The evidence described in detail defendant's plant, the process of manufacturing bread, the apparatus used therein, the care taken in keeping the plant clean and wholesome, the precautions taken to avoid an occurrence such as the one upon which this action is predicated, together with testimony that the plant was in fact an up-to-date sanitary one, frequently inspected by public food inspectors and found to be all right.

The evidence showed that such larva is hatched from a very small white egg, so small that it is invisible to the naked eye except when placed on a dark background. The larva lives upon and is found in flour, both in mills and elsewhere. Growth to the size of the one here involved would take from 35 to 40 days from the time of hatching.

Defendant's plant manufactures 75,000 loaves of bread a day. The record does not disclose that anything of this nature had ever

happened before in defendant's product. In making the bread the best and most expensive grade of flour is used, bought from the recognized best mills in the country. The flour when being used goes through a number of small mesh screens, the smallest practicable to be used in the process of bread making; this larva could not have gone through the screens. It takes not to exceed 24 hours to manufacture a loaf of bread. At no time during the process of manufacturing did a human hand come in contact with the portion of the bread in which this larva was found.

Uncontradicted evidence described the measures taken to keep foreign substances of any nature from getting into the bread. Apparently every reasonable precaution was taken. How this larva became imbedded in the loaf of bread is a mystery. A more complete recital of the evidence will serve no useful purpose. There was no violation of the pure food laws of the state. Defendant was not an insurer against the unfortunate circumstance that occurred.

In the evidence there was nothing upon which the jury would be justified in finding negligence. Without proof of negligence there could be no recovery. If a verdict for recovery were had, it would be based upon speculation and conjecture only and could not stand. Considering the evidence in the most favorable light for plaintiff, the court properly directed a verdict for defendant. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 9764; see generally, Nichols v. Continental Baking Co. (C. C. A.) 34 F. (2d) 141; Horn & Hardart Baking Co. v. Lieber (C. C. A.) 25 F. (2d) 449; Crocker v. Baltimore Dairy Lunch Co. 214 Mass. 177, 100 N. E. 1078, Ann. Cas. 1914B, 884; Legac v. Vietmeyer Bros. Inc. 7 N. J. Misc. 685, 147 A. 110; O'Brien v. Louis K. Liggett Co. 225 Mass. 553, 152 N. E. 57, 47 A. L. R. 146.

The many cases cited by plaintiff show diligent research, but they are distinguishable on their facts from this case.

Order affirmed.

STONE, J. took no part.