## ALBERT McGERTY v. A. G. NORTZ.[1]

April 27, 1934.

No. 29,791.

*Lynn B. Carroll,* for appellant.
*Bergmann Richards,* for respondent.

*DEVANEY, Chief Justice.*

Personal injury action arising out of an automobile collision which occurred at the intersection of University and Franklin avenues in St. Paul. Plaintiff, coming from Minneapolis, was traveling east on University avenue. Defendant was driving west on University avenue toward Minneapolis. Franklin avenue intersects University avenue at about a 45-degree angle so that defendant needed to make only about a half turn to the left to get onto Franklin avenue going toward Minneapolis. In turning left onto Franklin avenue defendant's car had crossed the center line and was on the left half of University avenue when plaintiff's car collided with it, the left front of plaintiff's car hitting the right front of

[1]Reported in 254 N. W. 601.

defendant's car. Because of the impact, plaintiff was thrown to the pavement, knocked unconscious, and suffered a skull fracture. In the course of the trial the lower court directed a verdict for defendant, after plaintiff had rested his case, on the grounds that there had been no evidence of defendant's alleged negligence and that plaintiff was guilty of contributory negligence as a matter of law. From judgment entered pursuant thereto plaintiff perfects this appeal.

Two questions appear:

(1) Was there sufficient evidence of defendant's negligence to make this a case for the jury?

(2) Was plaintiff guilty of contributory negligence as a matter of law?

■ We hold to the opinion of the trial court that there was not sufficient evidence of defendant's negligence to permit the case to go to the jury. The trial court stated the case thus:

"Among the acts of negligence charged against the defendant in this case are that he failed to give any sound or warning of his approach. That is no negligence in this case at all. It was not necessary for him to. That he was driving his automobile at a high and dangerous rate of speed. Absolutely no evidence; to the contrary, in fact. That he failed to keep to the right of the center line of University avenue. He was not required to keep to the right of the center line of University avenue at all times if he intended, as he did in this case, to turn into Franklin avenue. That he made a left-hand turn without giving any signal. No evidence at all as to that. That he failed to keep in his proper lane of traffic. There is no evidence as to that. * * * That he failed to yield the plaintiff the right of way. The plaintiff never had the right of way at this intersection at any time, under our law. That he failed to leave sufficient space for the plaintiff to pass from said intersection. If he did do that it wouldn't be negligence. He is not required to under any law whatever. There was an ordinance of the city of St. Paul introduced in evidence, which it is claimed the

defendant violated. That ordinance is exactly the same as the statute of this state [1 Mason Minn. St. 1927, § 2720-16]. That ordinance has no application to the facts in this case whatever. * * * [That ordinance provides in part that when a person intends to turn left] he shall approach the intersection in the lane for the traffic to the right of and nearest to the center line of the highway. He [defendant] did that in this case. There is no evidence to show that he violated that law at all. And that in turning he should keep as near to the center of the intersection as practical. There is no evidence that he violated that law."

This is a negligence case. Plaintiff therefore had the burden of proving that defendant was guilty of negligent conduct. La Londe v. Peake, 82 Minn. 124, 84 N. W. 726; Parmelee v. Tri-State T. & T. Co. 103 Minn. 530, 115 N. W. 1135; Dushaw v. G. N. Ry. Co. 157 Minn. 171, 195 N. W. 893; Swenson v. Purity Baking Co. 183 Minn. 289, 236 N. W. 310. In our opinion plaintiff did not here sustain this burden. True, the case was a very difficult one in which to prove negligence, for unfortunately plaintiff himself remembers nothing of the accident. His skull injury appears to have caused a complete lapse of memory concerning the accident. Plaintiff attempted to prove his case largely by the testimony of two disinterested witnesses, who were present or near the scene at the time of the accident. L. C. Henry was standing about 200 feet away, heard the crash and saw plaintiff thrown out of the car, but did not actually see the cars collide. D. W. George saw the accident while sitting in a parked car on the far side of University avenue, though he did not turn so as to view the scene until he heard the grinding of the tires on the pavement as plaintiff applied his brakes. From other testimony in the case, however, it is clear that defendant was proceeding no faster than ten miles per hour at the time of the accident. There is no evidence that defendant failed to signal, that he was not concentrating on his driving, or that he was on the wrong side of the road. Absence of proof on a vital issue loses the case for the party having the burden of proof no matter how difficult it is, yes, no matter how impossible it is, to procure evidence

on that particular point. Such a plight is unfortunate but unavailing to such party. Plaintiff appears to be somewhat in that position in the case at bar. The only evidence which might tend to show that defendant was negligent was the testimony of Mr. George, to the effect that immediately after the accident defendant admitted that he saw plaintiff's car coming and that "he was either misled or that the speed was greater than he thought for, and that he couldn't get out of the way; he tried to increase his speed but didn't get out of the way." Also there was some evidence that plaintiff's wind-shield was rather dirty. These facts are not sufficient, however, in the absence of other showing, to make the question of negligence one for the jury.

■ The second point, which concerns plaintiff's contributory negligence, we need not consider, though it is apparent from the physical facts surrounding the accident that plaintiff must have been traveling at least at a fair rate of speed and could not have been very attentive to his driving.

Affirmed.