PHILIP D. WHITMAN, SPECIAL ADMINISTRATOR OF ESTATE OF JESSIE O'HARA, v. FRANK SPECKEL AND OTHERS.
FRANK O'HARA v. SAME.[1]

May 23, 1952.

Nos. 35,700, 35,701.

[1]Reported in 53 N. W. (2d) 558.

*Carroll & Thorson* and *James T. Knutson,* for appellants.

*Warren B. King* and *Freeman, King, Larson & Peterson,* for respondent Wayne S. Hagenbuch.

THOMAS GALLAGHER, JUSTICE.

Two actions, one for personal injuries and the other for unlawful death, arising out of an automobile accident occurring September 9, 1950, about 4 p. m. on United States highway No. 12 two miles west of the village of Long Lake in Hennepin county.

Two cars were involved. One, hereinafter referred to as the Havstad car, was being driven easterly by Effie C. Havstad, who

was accompanied by her husband, Thomas Havstad, and by plaintiff Frank O'Hara and his wife, Jessie O'Hara. The other, belonging to defendant Frank Speckel and hereinafter referred to as the Speckel car, was being driven westerly by defendant Donald Speckel, a stepson of the owner, accompanied by Joe Burke.

As a result of the accident Effie C. Havstad, Thomas Havstad, Jessie O'Hara, and Joe Burke met death. Donald Speckel survived, but suffered a retrograde amnesia, resulting in his inability to recall any facts with reference to the accident. Consequently, Frank O'Hara was the only occupant of either car able to testify as to any details in connection therewith.

The actions were instituted by Frank O'Hara and by Philip D. Whitman, as special administrator of the estate of Jessie O'Hara, decedent, against the Speckels and against Wayne S. Hagenbuch, as special administrator of the estate of Effie C. Havstad, decedent. The jury returned verdicts in favor of plaintiffs against all the defendants. Subsequently on September 7, 1951, the trial court granted the motions of defendant Wayne S. Hagenbuch, as special administrator of the estate of Effie C. Havstad, for judgment notwithstanding the verdicts in both cases. The verdicts against the Speckels were not challenged.

On appeal, the only issue presented is whether there is sufficient evidence to sustain the finding of the jury that the accident was caused or contributed to by the negligence of Effie C. Havstad. This in turn is dependent upon whether there is evidence sufficient to sustain a finding that the Havstad car was to the left of the center of highway No. 12 at the time of the collision. There is no issue relating to the speed of either car.

At the time of the accident the weather was fair and the visibility excellent. Highway No. 12 is of concrete, approximately 20 feet wide, with eight-foot shoulders on each side. The accident occurred on a level surface of the highway between two hills, where the cars met in a head-on collision.

After the collision, the Speckel car came to rest crosswise on the highway, facing south, with part of the front of the car ex-

tending slightly over the center line. The Havstad car came to rest to its right of the highway and off the concrete, with the exception of a small part of the left front thereof, which rested on the concrete.

Frank O'Hara testified on the principal issue. Photographs were submitted showing the locations of the cars after the accident. Another witness, James Courtney, who was following the Havstad car and who passed it before the collision, could give no evidence with respect to the position or course of the Havstad car after he passed it, but he testified that the Speckel car, which was traveling west, "pulled out in the south lane" just before the accident.

■ We are of the opinion that the order setting aside the verdict against the special administrator of the estate of Effie C. Havstad, deceased, must be sustained. Any negligence attributable to her must be based upon a finding that the Havstad car at the time of the crash was to the left of the center of highway No. 12. The only testimony with respect thereto was given by Mr. O'Hara, as follows:

"A. Well, as we was going down that highway, there was a car parked practically off—well, partly on the driveway and partly off on the outside, what do you call it?

"Q. Shoulder?

"A. Shoulder, yes, and * * *, Mrs. Havstad, she turned around that car and we got in front of it again, then the car pulled up, pulled beside us—pulled up behind us again.

* * * * *

"Q. * * * Tell us how far the Havstad car turned to its left as it passed this vehicle you described here on the highway?

* * * * *

"A. My best estimate, we was about three feet over the center line.

* * * * *

"Q. And you think that as your car got up close to this car parked on the shoulder, that you do recall Mrs. Havstad turning out a little to get by the parked car?

"A. Yes, sir.

"Q. Then she got by it, and as you answered, you got in front of it?

\* \* \* \* \*

"A. Yes.

"Q. She got by that car all right, there was no crash, then?

"A. No.

\* \* \* \* \*

"Q. \* \* \* After she got by, the other car pulled behind you, then you continued looking out at the countryside as you described?

"A. Yes.

"Q. So the last thing you remember is looking at the country-side?

"A. Yes, sir.

\* \* \* \* \*

"Q. \* \* \* and the next thing you remember you were in the hospital?

"A. Yes, sir.

\* \* \* \* \*

"Q. And you testified that the Havstad car then turned to the left and went about three feet over the center line, is that correct?

"A. That is an awful hard question to answer.

\* \* \* \* \*

"The Witness: \* \* \* I did say that it was about three feet, I just guessed.

\* \* \* \* \*

"Q. Was it immediately after that, Mr. O'Hara, that the accident occurred?

"Mr. King: Just a second. Object to that upon the ground this witness has testified he does not know how long after because he was looking out of the window, that is right, isn't it?

"The Witness: Absolutely.

\* \* \* \* \*

"The Witness: I don't know whether it was immediate or not. Of course, it must have been.

\* \* ' \* \* \*

"Q. * * * as your car, the car in which you were riding, went by this vehicle which was right there on the shoulder of the highway, did the crash occur?

"A. Yes.

"Q. You say it did not?

"A. Yes, sir.

· * * * * *

"Q. All right, Mr. O'Hara, will you tell us when it was in reference to passing this vehicle that you saw there on the highway, that this accident happened?

* * * * *

"The Witness: I really don't know how far we went."

He also testified that Mrs. Havstad was a careful driver, and that the last thing he remembered was that she had been driving carefully and that her speed was not excessive.

Giving full weight to every reasonable inference that can be drawn from his testimony, it is obvious that the most that can be said for it is that at one time prior to the accident Mrs. Havstad drove the Havstad car approximately three feet to the left of the center of the highway in order to pass a parked car thereon. However, there is no testimony whatever that the crash occurred at that time. On the contrary, Mr. O'Hara's testimony indicates that after Mrs. Havstad had thus driven her car to the left she immediately brought it back again to the right lane of the highway; that she was traveling in front of a car which she had previously passed while it was parked on the right side of the highway; that after she passed the parked car the latter started out and pulled up behind the Havstad car; and that thereafter the witness had time to resume looking at the surrounding countryside before the crash occurred. The photographs showing the position of the cars after the accident do not lend support to the theory that the Havstad car was to the left of the center of the highway at the time of the crash. Clearly, there is nothing in the evidence outlined to sustain a finding of negligence on the part of Mrs. Havstad.

■ The burden rested upon plaintiff to establish such negligence. Although he might have sustained it through the submission of circumstantial evidence from which a reasonable inference of such negligence could have been drawn, the total absence of any evidence whatever on this issue, circumstantial or otherwise, can only mean that plaintiff failed to sustain this burden. Lanesboro Produce & Hatchery Co. v. Forthun, 218 Minn. 377, 16 N. W. (2d) 326; Boxrud v. Ronning Machinery Co. 217 Minn. 518, 15 N. W. (2d) 112; McGerty v. Nortz, 191 Minn. 443, 254 N. W. 601; 2 Dunnell, Dig. & Supp. § 3469.

■ Where evidence presents more than one theory as to the manner in which an accident may have occurred, on only one of which liability could attach to a defendant, proof of the latter must fairly preponderate or the action will fail. There must be *some* evidence from which defendant's negligence may be inferred before the question becomes one for the jury; otherwise the verdict would rest upon pure speculation. State, by Burnquist, v. Paskewitz, 233 Minn. 452, 47 N. W. (2d) 199; Collings v. Northwestern Hospital, 202 Minn. 139, 277 N. W. 910; 1 Jones, Evidence (2 ed.) § 12.

■ Counsel for plaintiffs argue that, while Mr. O'Hara's testimony may be inconsistent and somewhat contradictory, nevertheless it was for the jury to determine its credibility and the weight to be attached thereto, citing McCarty v. C. M. & St. P. Ry. Co. 154 Minn. 350, 191 N. W. 819; J. I. Case Threshing-Machine Co. v. McKinnon, 82 Minn. 75, 84 N. W. 646, for their support. While the principle enunciated is correct, when there is some evidence, even though of doubtful probative value, to sustain a finding, it is not applicable where the testimony submitted is not only contradictory and inconsistent but wholly fails to form the foundation or basis for a finding on the determinative issue. Such is the case here. The testimony submitted fails to lend any support to plaintiffs' theory that the accident was the result of the Havstad car being to the left of the center lane at the time of the collision. On the contrary, all the evidence indicates that it was in

its proper lane to the south of the center line of the highway, and that it had been there for some time before the crash. The complete absence of evidence to support a finding of negligence on the part of Mrs. Havstad justified the trial court in setting aside the verdict, and its order to this effect must be affirmed.

Affirmed.

