**Carol May BEST, Plaintiff,**

v.

**James FEDO and John Fedo, Sam P. Gallop and Pearl Gallop, Co-Partners doing business as Karsbar Bar and Grill, Zelda Inn Grill, Inc., a Corporation, Western Surety Company, a Corporation, and St. Paul Mercury Indemnity Company, a Corporation, Defendants.**

**Civ. No. 1820.**

United States District Court
D. Minnesota, Fifth Division.

July 5, 1957.

Thomas L. Hunt, Duluth, Minn., for plaintiff.

Lewis, Hammer, Heaney, Weyl & Halverson, Duluth, Minn., by K. C. Weyl, Duluth, Minn., for defendants Zelda Inn Grill, Inc., and St. Paul Mercury Indemnity Co.

R. B. Reavill, Duluth, Minn., for defendants Sam P. Gallop and Pearl Gallop, d/b/a Karsbar Bar and Grill, and Western Surety Co.

DONOVAN, District Judge.

The above-entitled action was commenced by the plaintiff by the service of summons and complaint. The complaint by appropriate allegation of separate causes of action sought damages in the amount of $60,000 against the defendants James Fedo and John Fedo (the first named being a minor operating an automobile owned by John Fedo), Sam P. Gallop and Pearl Gallop, as co-partners doing business as Karsbar Bar and Grill, and Zelda Inn Grill, Inc., claiming that defendants Gallops and Zelda Inn Grill, Inc., had sold intoxicating liquor to said minor and that by reason thereof the plaintiff, a guest passenger in said automobile operated by said minor, met with an accident and injuries. Plaintiff also sought judgment against the Western Surety Company, who was surety on the Gallops' bond, for the sum of $3,000, and against St. Paul Mercury Indemnity Company, the surety on the bond of Zelda Inn Grill, Inc., for $3,000.

All of the defendants answered denying liability. The case came on for trial before the Court and a jury of twelve. Plaintiff had a general verdict of $4,000.

By proper pre-trial procedure, defendants other than James Fedo and John Fedo, (with reference to whom the action was dismissed without prejudice) obtained admission by the plaintiff that she had received the sum of $3,000 from Mutual Service Casualty Insurance Company in exchange for a covenant not to sue. The last-named company was the insurance carrier for John Fedo, the owner of the car. The matter is now before the Court on motions of plaintiff and defendants as follows:

1. Motions by plaintiff to vacate the judgment herein and in lieu thereof to grant judgment (a) against defendants Zelda Inn Grill, Inc., a corporation, and St. Paul Mercury Indemnity Company in the sum of $3,000, and (b) against defendants Sam P. Gallop and Pearl Gallop, co-partners doing business as Karsbar Bar and Grill, and Western Surety Company, a corporation, in the sum of $3,000, and (c) against Zelda Inn Grill, Inc., and Sam P. Gallop and Pearl Gallop, co-partners doing business as Karsbar Bar and Grill, in the sum of $4,000:

2. Motions by defendants (a) to vacate the judgment entered herein and (b) to grant judgment notwithstanding the verdict in favor of the defendants and each of them, and in the alternative if defendants' motion for judgment is denied, (c) defendants and each of them move for an order of this Court directing that the verdict in favor of the plaintiff and the judgment entered thereon in the sum of $4,000 be reduced to the sum of $1,000.

Counsel for the defendants contend that where plaintiff received payment for a covenant not to sue from one against whom tort liability would or could lie, such payment made before or after judgment may or should be deducted from damages recoverable. This, of course, only when predicated in tort.[1] By admission of plaintiff she received $3,000 in payment for the covenant not to sue from Mutual Service Casualty Insurance

1. Defendants cite Aldridge v. Morris, 337 Ill.App. 369, 86 N.E. 143. This case is readily distinguishable from the instant case factually.

Company, the third party defendant, who had issued an insurance contract to John Fedo covering liability for damage arising out of the ownership, use and operation of the car in question during all times herein. Upon payment for said covenant not to sue and pursuant to motion (unopposed) by plaintiff the action was dismissed as to defendants James Fedo and John Fedo, without prejudice, by order dated March 6, 1957.

The allegations in the complaint based the action on claimed violation by defendants of Minnesota Statutes Annotated, Sections 340.12 [2] and 340.95. [3]

As indicated, plaintiff's action was one to recover damages for injuries and damage sustained while a guest passenger in the John Fedo car, and which was at the time thereof being operated by his minor son, James.

A short résumé of the facts developed at trial will be helpful.

Plaintiff testified that on the evening of June 1, 1956, she and two other women became acquainted with the said James Fedo and several other persons not here important; that prior thereto the said James Fedo had visited the Zelda Inn Grill and the Karsbar Bar and Grill in the city of Duluth and there had partaken of intoxicating liquor. They journeyed from Superior, Wisconsin, to Duluth for the purpose of picking up another passenger and then proceeded on a trip which resulted in a collision with an Army gun carriage, which was parked in front of the Duluth Armory on London Road, a public thoroughfare, at a point between 13th and 14th Avenues East. One passenger was killed thereby. Plaintiff was injured and taken to St. Luke's Hospital in the city of Duluth, whereat she was hospitalized. This action followed.

Plaintiff by pleading and proof claims that the Zelda Inn Grill and the Karsbar Bar and Grill sold intoxicating liquor to the minor who was operating the automobile at the time of the accident. A certificate of birth introduced into evidence makes clear that James Fedo, the driver of the car, was a minor. It is undisputed that the Zelda Inn Grill and the Karsbar Bar and Grill had applied to the City Council of Duluth prior to this accident for an on-sale liquor license and, in compliance with law, surety bonds were furnished in the sum of $3,000 by Western Surety Company and St. Paul Mercury Indemnity Company. The plaintiff claims that the four drinks obtained by James Fedo caused him to become intoxicated and that he continued to be intoxicated up to and at the time of the accident, at about one thirty o'clock in the morning on June 2, 1956.

The plaintiff clearly under Minnesota law, which is binding upon this Court, had to carry the burden of proof. See 7 Mason's Dunnell's Minnesota Digest, Section 3469, and authorities cited, 13 Mason's Dunnell's Minnesota Digest, Section 7043, and cases cited. Plaintiff was required to prove her case by a fair preponderance of the evidence. Having done this she was entitled to recover for any damage sustained by reason of the violation of said Section 340.95, commonly known and referred to as the Civil Damage Act. To this end she had to

2. "That the licensee will pay to the extent of the principal amount of such bond any damages for death or injury caused by or resulting from the violation of any provisions of law relating thereto, and in such cases recovery under this paragraph may be had from the surety on his bond. The amount specified in such bond or policy is declared to be a penalty, the amount recoverable to be measured by the actual damages."

3. "Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

prove that James Fedo was a minor, that each of the principal defendant sureties on the evening in question sold intoxicating liquor to him and that, as a result, he had become intoxicated, and that said intoxication was the proximate cause of the collision.

Under the law the principals, who were the owners and operators of the taverns in question, are legally liable for and responsible for the actions of their employees who may have sold liquor to the minor. The evidence was sufficient to substantiate and support the claim that liquor had been sold to James Fedo. The jury was told that if the plaintiff had a verdict at their hands and that if the verdict was less than $3,000, then the amount of the verdict would be against the principal and the defendant surety company; if the verdict was in excess of $3,000, then the verdict would be against the principal on the bond for the actual amount of damages sustained by plaintiff; but if it was for more than $3,000, the verdict against the surety company should not exceed the amount of the bond. We have two principals furnishing the minor with liquor. We have two sureties furnishing a bond against such violation, each in the sum of $3,000. The verdict was against all of the defendants in the one sum of $4,000.

The applicable law has been somewhat confusing. This is borne out by the last pronouncement of the Minnesota Supreme Court with reference to the two statutes above quoted. In Adamson v. Dougherty, 248 Minn. 535, 81 N.W.2d 110, 114, decided February 1, 1957, the Court, among other things, said:

"The underlying issue here is whether § 340.95 is penal or remedial in its nature. Based upon statements contained in our previous opinions, the trial court concluded with some justification that the penal nature of this section had been recognized by this court and therefore that recovery thereunder for damages previously compensated for was authorized, citing Beck v.

Groe, 245 Minn. 28, 70 N.W.2d 886; Philips v. Aretz, 215 Minn. 325, 10 N.W.2d 226; Mayes v. Byers, 214 Minn. 54, 7 N.W.2d 403, 144 A.L.R. 821, in support of this conclusion.

"In the cases cited, however, our language was directed toward the proper construction of M.S.A.1941, § 340.12(4), which by its terms provided that the bond required of an applicant for a license to sell intoxicating liquor 'is declared to be a penalty.' Thus, in Mayes v. Byers, supra, we distinguished M.S.A.1941, § 340.12(4), from § 340.95 as follows 214 Minn. 63, 7 N.W.2d 407:

" 'Reference is made to cases denying recovery under statutes such as Minn.St.1941, § 340.95, Mason St. 1927, § 3239, to a plaintiff who himself contributed to the intoxication of the person causing him injury. * * * They are inapplicable. Section 340.95 does not manifest a legislative intent to protect the beneficiaries of the statute from their own failures or to impose a penal liability. See Sworski v. Colman, 204 Minn. 474, 283 N.W. 778.'

"In Philips v. Aretz, 215 Minn. 325, 10 N.W.2d 226, the issue determined was the penal character of M.S.A.1941, § 340.12(4), rather than § 340.95, the court again as in Mayes v. Byers, supra, giving effect to the express provision therein that: ' " * * * the amount specified in such bond is declared to be a penalty, * * *." '

"In Beck v. Groe, 245 Minn. 28, 35, 70 N.W.2d 886, 892, in determining that an action under M.S.A. § 573.02 could not be joined with one under § 340.95, this court stated:

" 'In * * * Mayes v. Byers, 214 Minn. 54, 63, 7 N.W.2d 403, 407, 144 A.L.R. 821, this court held that the liability created under the liquor license laws has for its basis "a penalty measured by the injuries suffered" within the limits fixed by the bond. * * *

" 'The wrongful death act and the civil damage act are wholly unrelated both as to scope and purpose. * * * any action brought under the civil damage act * * * could only be one brought to enforce a penalty under a statute which " 'contains no implication that the prohibited act must be done knowingly or wilfully' or that defenses such as contributory negligence, lack of guilty knowledge, or the like are essential elements of the case." Philips v. Aretz, 215 Minn. 325, 330, 10 N.W.2d 226, 229. Neither is intent a necessary or relevant feature of civil damage actions under § 340.95, for it is immaterial. Any suit therefore instituted under the civil damage act is not one for a tortious wrong; it is a means provided by statute to impose a penalty on a dealer of intoxicating liquor based upon contract. Mayes v. Byers, supra; Philips v. Aretz, supra.'

"As above indicated the Mayes and Philips cases, cited in Beck v. Groe, supra, involved construction of M.S.A.1941, § 340.12(4), rather than § 340.95. The language of the Beck case to the effect that a suit under the Civil Damage Act is a means to impose a penalty on a dealer of intoxicating liquor was used to indicate that the defenses of contributory negligence or lack of guilty knowledge are not available in an action for damages under § 340.95; but not, as plaintiff suggests, to determine that this section was other than compensatory in nature.

"Other decisions relating to § 340.95, which refer to its penal characteristics, at the same time point out that its principal objective is the imposition of liability for damages caused by the intoxication of any person upon the dealer, who, by illegally selling intoxicating liquors, caused such intoxication. Hahn v. City of Ortonville, 238 Minn. 428, 57 N.W.2d 254; Fox v. Swartz, 228 Minn. 233, 36 N.W. 2d 708. The necessary implication to be drawn therefrom is that, as in other damage actions, a claimant's prior recovery of the damages thus sustained would foreclose his right to again collect therefor under § 340.95; Driessen v. Noening, 208 Minn. 356, 294 N.W. 206; Almquist v. Wilcox, 115 Minn. 37, 131 N.W. 796; and that upon such a claimant would rest the burden of establishing that his damages were the proximate result of the illegal sale. It would follow that defendant's fifth defense to the effect that plaintiff had been fully compensated for the damages sustained as a result of the accident was valid and should not have been stricken.

"This conclusion would not, of course, bar plaintiff from establishing that the judgment recovered in the wrongful death action did not constitute full compensation for the damages recoverable under § 340.95; or from establishing the right to recover to the extent of the penalty provided for under § 340.12 in line with our decision in Philips v. Aretz, 215 Minn. 325, 10 N.W.2d 226. In this connection it is to be noted that the maximum recovery permitted under M.S.A.1949, § 573.02, at the time of the accident was the sum of $10,000, while under § 340.95, there is no limitation as to the amount that may be recovered for loss of support. Likewise, the prior action was instituted for the benefit of the widow and funeral creditors of the decedent, as well as for his minor heirs, whereas the present action was instituted for the sole benefit of the latter. Such factors, of course, may have some bearing in determining whether plaintiff already has been fully compensated for the damages claimed herein. De Lude v. Rimek, 351 Ill.App. 466, 115 N.E.2d 561; Larabell v. Schuknecht, 308 Mich. 419, 14 N.W.2d 50. From the foregoing we conclude that the trial court did not err in

striking defendant's first defense to the effect that the complaint failed to state a claim on which relief might be granted.

"For his fourth defense, defendant pleaded that the prior verdict and judgment finally determined that the accident in which Bielinski met death 'was caused by the fault of George Harvie, and * * * not * * * by the fault of * * * Bielinski.' This was stricken by the trial court. We believe that it was correct in so doing. To bar recovery in pending litigation because of a final determination in prior judicial proceedings, it would seem to be essential that both causes be identical in form, scope, and purpose.

"Here, the former action was instituted by the special administratrix of the estate of Bernard A. Bielinski on behalf of his surviving spouse and next of kin, as well as on behalf of claimants for his funeral expenses and for support rendered to him other than old age assistance under M.S.A.1949, § 573.02. The present actions under § 340.95 were instituted by the guardian ad litem of the minor children of decedent for loss of their means of support, which, it is claimed, proximately resulted from defendant's illegal sale of intoxicants to decedent. As above indicated, if plaintiffs established causal relationship between such sale and their damages recovery therefor would be authorized to any extent to which a jury might find their loss had not been compensated for in the prior action."

In the instant case the plaintiff relies on the cases of Philips v. Aretz, 215 Minn. 325, 10 N.W.2d 226, and Hahn v. City of Ortonville,' 238 Minn. 428, 57 N.W.2d 254.

In support of defendants' motion for judgment counsel argues that the evidence is insufficient to sustain the verdict and in support thereof cites the following cases: Alling v. Northwestern Bell Telephone Company, 156 Minn. 60, 194 N.W. 313 (burden of proof); O'Leary v. Wangensteen, 175 Minn. 368, 221 N.W. 430 (binding effect on court and jury of unimpeached testimony); Sivald v. Ford Motor Company, 188 Minn. 463, 247 N.W. 687 (insufficiency of evidence if conjectural and speculative); McGerty v. Nortz, 191 Minn. 443, 254 N.W. 601 (burden of proof); Bauer v. Miller Motor Company, 197 Minn. 352, 267 N.W. 206 (inadequacy of conjectural and speculative evidence); Downing v. Maag, 215 Minn. 506, 10 N.W.2d 778 (testimony of an unimpeached witness); Huntley v. Wm. H. Ziegler Company, 219 Minn. 94, 17 N.W.2d 290 (conjecture and speculation); State (Attorney General) v. Paskewitz, 233 Minn. 452, 47 N.W.2d 199 (insufficiency of proof); Whitman v. Speckel, 237 Minn. 36, 53 N.W.2d 558 (burden of proof); Seeden v. Great Northern Railway Company, 242 Minn. 360, 65 N.W.2d 178 (insufficiency of the evidence); Caballero, v. Litchfield Wood-Working Company, 246 Minn. 124, 74 N.W.2d 404 (duty of the jury with reference to testimony that is false).

The pleadings, theory of trial and the thorough discussion of the manner in which the case should be submitted to the jury have all been considered by the Court.

■ In considering the question here the evidence must be viewed in a light most favorable to the plaintiff. The jury having found the issues in her favor, the Court must accept as true all facts which the evidence reasonably tended to prove, and plaintiff is entitled to all favorable inferences which may reasonably be drawn from the evidence and circumstances proven. Railway Express Agency v. Mackay, 8 Cir., 181 F.2d 257, 19 A.L.R.2d 1248.

The charge as given by the Court fully outlined the facts in issue and the law to be applied thereto. The jury's verdict of $4,000 was against all of the defendants remaining in the case at trial thereof.

■ As evident from the quotation supra in the Adamson case, Minnesota law should now be considered settled as to the proper aligning of parties, issues

and liability in this type of case. I am satisfied that when the parties rested and the evidence was closed there was a question of fact for the jury. Whether the drinks consumed by the minor in the taverns in question contributed to proximate cause and cause of the accident was a fact question. The evidence transcends conjecture and speculation. There were facts for the jury's consideration above and beyond the possibility of conjecture. In my opinion, plaintiff by relevant evidence sustained the burden of proof required. The triers of the fact found for plaintiff on cause and effect. I am also convinced that compensation for actual damage sustained by plaintiff, as provided by said Civil Damage Act, was included in the verdict. The unresolved question is the matter of penalty under Sec. 340.12, supra. There can be but one recovery. Prior recovery from a third party (giving consideration to plaintiff for a covenant not to sue) while foreclosing rights to recover under the Civil Damage Act, would not bar recovery under said Sec. 340.12, the penalty statute. Adamson v. Dougherty and cases cited supra.

Based on the foregoing reasoning and authorities it is

1. Ordered, that the motions of plaintiff and defendants to vacate the judgment entered herein be granted, and said judgment is vacated.

2. It Is Further Ordered, that plaintiff's motion to increase the damages recoverable against defendants in the penalty sums under said Sec. 340.12, of $3,000 against Zelda Inn Grill, Inc., and St. Paul Mercury Indemnity Company, a corporation, and $3,000 against Sam P. Gallop and Pearl Gallop, co-partners doing business as Karsbar Bar and Grill, and Western Surety Company, a corporation, be, and the same hereby is, granted.

3. It Is Further Ordered, that the $3,000 paid plaintiff by Mutual Service Casualty Insurance Company be credited as a partial payment to plaintiff for damages sustained under and pursuant to said Civil Damage Act.

4. It Is Further Ordered, that the all-inclusive recovery and total judgment to be entered against defendants on the general verdict returned herein, be in the sum of $7,000.

5. Except as hereinbefore granted all motions by plaintiff and defendants, after verdict, are denied and an exception allowed to all rulings of the Court in connection therewith.