GILDEA, Chief Justice.
The question presented in this case is whether the State or the defendant bears the burden of proving in a criminal case that the defendant is competent. The district court determined that appellant Edwin Thomas Curtis was mentally competent to proceed to trial. Following a stipulated-facts trial, the court convicted Curtis of fourth-degree criminal sexual conduct. On appeal, Curtis challenged the district court's competency determination, arguing that the court failed to place the burden of proof on the State as required by State v. Ganpat , 732 N.W.2d 232 (Minn. 2007). Declining to follow Ganpat , the court of appeals held that competency should be determined based on the greater weight of the evidence without regard to burden of proof. Because the court of appeals and the district court erred in failing to adhere to Ganpat and we cannot be certain the district court would have made the same competency determination had it applied the correct burden of proof, we reverse the decision of the court of appeals and *344 remand to the district court for proceedings consistent with this opinion.
FACTS
The State charged Curtis with criminal sexual conduct in the fourth degree under Minn. Stat. § 609.345, subd. 1(d) (2018). This statute prohibits sexual contact with a person whom "the actor knows or has reason to know ... is mentally impaired, mentally incapacitated, or physically helpless." The State alleged that on March 2, 2015, Curtis touched an incapacitated person's breasts and genitals through her clothing. Counsel for Curtis suggested to the district court that Curtis was not mentally competent. In response, the court ordered an evaluation of Curtis consistent with Rules 20.01 and 20.02 of the Rules of Criminal Procedure.[1]
Dr. Craig Stevens conducted the evaluation. Dr. Stevens had examined Curtis before and was aware that Curtis had been committed for mental health treatment in 2008, 2012, and 2013. Dr. Stevens acknowledged that Curtis suffered from a significant mental illness. But because Dr. Stevens believed that Curtis was malingering, Dr. Stevens concluded that it was not possible to determine Curtis's capacity to stand trial. Dr. Stevens opined that, because Curtis had not demonstrated his incompetence, Curtis was competent.
After receiving Dr. Stevens's report, the district court held a hearing. Dr. Stevens summarized his Rule 20.01 finding at the hearing: "Basically, I-I was unable-because of [Curtis's] poor performance, and which appeared to be purposeful, I really had no information about his competency, and I believe the assumption is unless a person exhibits incompetency, that the Court would view him as competent."
Following the hearing, the district court determined that Curtis was competent to stand trial. The court incorporated into its findings of fact Dr. Stevens's opinion that "the Court should find the Defendant to be competent as there is no evidence, based on his examination, the Defendant is incompetent." The court also referenced Dr. Stevens's conclusion that Curtis was exaggerating his symptoms. The district court's order did not cite any specific evidence that indicated Curtis had the capacity to participate in his defense, consult with counsel, or understand the proceedings. Nevertheless, citing the standard set forth by Minn. R. Crim. P. 20.01, subd. 5(f),[2] the court concluded "[t]hat the greater weight of the evidence indicates the Defendant is competent."
After the district court's competency determination, defense counsel arranged for an additional Rule 20.01 evaluation of Curtis by Dr. Gerald Henkel-Johnson. In a report dated November 11, 2015, Dr. *345 Henkel-Johnson concluded that Curtis "presents with quite a mixed symptom picture." In the category of skills to assist defense, Curtis's scores on one test Dr. Henkel-Johnson administered fell below the average score for developmentally disabled defendants deemed incompetent. And on another test Dr. Henkel-Johnson administered, Curtis's scores fell in the category of clinically significant impairment in the areas of understanding, reasoning, and appreciation. Although Dr. Henkel-Johnson opined that Curtis's "deficits in concentration and communication skills to assist his attorney or otherwise adequately participate in his defense are concerning[,]" he concluded that Curtis was competent. Dr. Henkel-Johnson recommended that Curtis's counsel ask him closed-ended, rather than open-ended, questions.
Dr. Henkel-Johnson spoke with Curtis's counsel after issuing his report, and their discussion prompted Dr. Henkel-Johnson to issue an addendum to his report clarifying his opinion. In the addendum, Dr. Henkel-Johnson acknowledged that his opinion that the defense attorney should communicate with Curtis by providing him with " 'several alternatives that are listed for him, rather than asking him to generate a statement in response to an open-ended question' ... may result in compromising Mr. Curtis'[s] ability to assist in his defense, especially his ability to testify in a relevant matter." And Dr. Henkel-Johnson opined that if that were the case, "then [Curtis] indeed is not competent to stand trial."
Based on Dr. Henkel-Johnson's report and addendum, Curtis requested that the district court reconsider Curtis's competency to stand trial. The court denied Curtis's request and determined that Curtis was competent to stand trial. The court's order again incorporated the opinion of Dr. Stevens, including the doctor's conclusion that "the Court should find the Defendant to be competent as there is no evidence, based on his examination, the Defendant is incompetent." The court cited Minn. R. Crim. P. 20.01, subd. 5(f) and found "[t]hat the greater weight of the evidence indicates the Defendant is competent."
In June 2016, Dr. Henkel-Johnson testified regarding Curtis's competency to stand trial in an unrelated case and provided the opinion that Curtis was incompetent. On the basis of that testimony, counsel for Curtis asked the district court in this case to vacate its previous Rule 20.01 competency determination and issue a new order deeming Curtis incompetent to stand trial. In a July 2016 order, the district court found Curtis competent to proceed to trial and denied the motion to vacate its previous competency determination.
Following the district court's July 2016 order, Curtis waived his right to a jury trial and submitted his case to the court on stipulated facts. The court found Curtis guilty, stayed imposition of the sentence, and placed him on supervised probation. Curtis appealed, arguing the district court erroneously shifted the burden of proving incompetence to the defendant, in violation of both Minn. R. Crim. P. 20.01 and State v. Ganpat . See 732 N.W.2d 232, 238 (Minn. 2007) (stating that the State bears the burden of proving the defendant's competence by a preponderance of the evidence). Declining to follow Ganpat , the court of appeals held that competency should be determined based on the greater weight of the evidence without regard to burden of proof. State v. Curtis , 907 N.W.2d 215, 218-19 (Minn. App. 2018). As a result, the court of appeals affirmed the district court's competency determination. Id . at 219-20. We granted Curtis's petition for review.
*346 ANALYSIS
On appeal to our court, Curtis argues that the court of appeals erred in failing to adhere to State v. Ganpat , 732 N.W.2d 232 (Minn. 2007). Specifically, Curtis argues that in Ganpat , we held that the State bears the burden of proving that the defendant is competent to proceed to trial. And he argues that the court of appeals and the district court erred in failing to assign that burden to the State. Because the State did not carry its burden to prove that he was competent to stand trial, Curtis argues, his conviction must be reversed. We "independently review the record to determine if the district court gave 'proper weight' to the evidence produced and if 'its finding of competency is adequately supported by the record.' " Id. at 238 (quoting State v. Mills , 562 N.W.2d 276, 283 (Minn. 1997) ). Proper application of our precedent, determination of which party bears the burden of proof, and the interpretation of the competency rule of procedure are questions of law that we review de novo. See Williams v. State , 910 N.W.2d 736, 740 (2018) (noting that questions of law, including the interpretation of rules of procedure and "[d]etermining which party has the burden of proof," are reviewed de novo); State v. Obeta , 796 N.W.2d 282, 288 (Minn. 2011) ("The question of whether to overrule precedent is a legal one that is subject to de novo review."); State v. Lewis , 656 N.W.2d 535, 537 (Minn. 2003) ("We review de novo the question whether and to what extent our precedent should be given retroactive effect.").
I.
Curtis first contends that the court of appeals erred when it refused to follow our decision in Ganpat , 732 N.W.2d 232. We agree.
The court of appeals did not follow Ganpat because it concluded that language in Rule 20.01 or in other decisions from our court did not assign the burden of proof to the State. Id . at 218-19. The court of appeals is bound by supreme court precedent, as it has repeatedly acknowledged. See , e.g. , State v. Final Exit Network, Inc. , 889 N.W.2d 296, 303 (Minn. App. 2016) ("We are bound by Minnesota Supreme Court precedent."), rev. denied (Minn. Dec. 19, 2016), cert. denied , --- U.S. ----, 138 S. Ct. 145, 199 L.Ed.2d 36 (2017) ; State v. M.L.A. , 785 N.W.2d 763, 767 (Minn. App. 2010) (acknowledging that the court of appeals is bound by supreme court precedent), rev. denied (Minn. Sept. 21, 2010); Citizens for a Balanced City v. Plymouth Congregational Church , 672 N.W.2d 13, 20 (Minn. App. 2003) ("This court is bound by decision[s] of the Minnesota Supreme Court...."); House v. Sports Films & Talents, Inc. , 351 N.W.2d 684, 685 (Minn. App. 1984) (same). The court's recognition is consistent with Article VI, section 2 of the Minnesota Constitution, which provides: "The court of appeals shall have appellate jurisdiction over all courts, except the supreme court ...." (Emphasis added). Accordingly, we hold that the court of appeals and the district court erred when those courts did not adhere to Ganpat .
II.
In Ganpat , the State contended that Ganpat was competent to stand trial, and we held that "[t]he [S]tate must show the defendant's competence by a fair preponderance of the evidence." 732 N.W.2d at 238. A defendant has a due process right not to be tried or convicted of a criminal charge if he is legally incompetent. See, e.g. , Drope v. Missouri , 420 U.S. 162, 171-72, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) ; Bonga v. State , 797 N.W.2d 712, 718 (Minn. 2011). This rule "has deep roots in our common-law heritage."
*347 Medina v. California , 505 U.S. 437, 446, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). Although the rule is deeply entrenched in our legal system, "there is no settled tradition on the proper allocation of the burden of proof in a proceeding to determine competence," and "there remains no settled view of where the burden of proof should lie." Id. at 446-47, 112 S.Ct. 2572 ; see also id. at 447-48, 112 S.Ct. 2572 (discussing the variation in procedures among the federal government and the states, explaining that some "have enacted statutes that ... place the burden of proof on the party raising the issue," others "have said that the burden of proof may be placed on the defendant to prove incompetence," and "[s]till other state courts have said that the burden rests with the prosecution." (internal citations omitted) ).[3] We answered the question in Minnesota in Ganpat when we said that the State has the burden of proof. 732 N.W.2d at 238.[4]
The State nevertheless argues that the burden of proof to demonstrate a defendant's competency "is not on either of the parties." And the State suggests that placing the burden of proof on the State is not consistent with State v. Mills , 562 N.W.2d 276 (Minn. 1997), or Minn. R. Crim. P. 20.01, subd. 5. We are not persuaded.[5]
In Ganpat , we said that the standard of proof in a competency hearing is a "fair preponderance of the evidence." 732 N.W.2d at 238. As authority for that proposition, id ., we cited State v. Mills , 562 N.W.2d 276, 281 (Minn. 1997), where we said, "[t]he standard of proof in a competency hearing is a preponderance of the evidence." Ganpat did not cite Mills to support our conclusion that the burden of proof was on the State. And, contrary to the State's argument, nothing in our analysis in Mills is inconsistent with Ganpat .[6]
The State also suggests that Ganpat' s allocation of the burden of proof is not *348 consistent with Minn. R. Crim. P. 20.01. We disagree.
In support of our statement that the burden of proving competency was on the State, Ganpat cited Minn. R. Crim. P. 20.01, subd. 3(6) (2009). 732 N.W.2d at 238. That rule provided: "If upon consideration of the report and the evidence received at any hearing, the court finds by the greater weight of the evidence that the defendant is competent, the court shall enter an order finding that the defendant is competent. Otherwise, the court shall enter an order finding that the defendant is incompetent ."[7] Minn. R. Crim. P. 20.01, subd. 3(6) (emphasis added). Although the plain language of subdivision 3(6) (previously subdivision 5(f) and now subdivision 5(c) ) does not explicitly place the burden of proof regarding competence on the State, it nevertheless does so by implication.
Where a defendant's competency is disputed, the rule provides that, in the absence of proof of the defendant's competence by a preponderance of the evidence, a court must find the defendant incompetent. Minn. R. Crim. P. 20.01, subd. 5. This directive, in effect, creates a presumption of incompetence. And by creating a presumption of incompetence, the rule necessarily requires that the State-the party claiming Curtis is competent to stand trial-must actually prove the defendant's competence to stand trial. In the absence of such proof by a preponderance of the evidence, a defendant must be found incompetent under the plain language of subdivision 5. Id. The rule, therefore, is consistent with our conclusion in Ganpat that when the State is the party asserting that the defendant is competent, the State bears the burden of proving competency. See McGerty v. Nortz , 191 Minn. 443, 254 N.W. 601, 602 (1934) (noting that an absence of proof on the issue in question "loses the case for the party having the burden of proof").[8]
Based on our analysis, we reject the State's arguments that Ganpat is not controlling here. Because the court of appeals erred when it did not follow Ganpat and place the burden of proof on the State, we reverse.
III.
Having reversed the decision of the court of appeals, we next consider whether to remand to the court of appeals or to the district court. See State v. Rochefort , 631 N.W.2d 802, 805 (Minn. 2001) (remanding the case to the court of appeals for application of the correct standard of review). We conclude that the better approach is a remand to the district court.
*349 Like the court of appeals, the district court applied the incorrect burden of proof. Indeed, the district court in this case did the opposite of what rule 20.01 requires. Because the record did not establish that Curtis was incompetent, the district court ruled that he was competent. The rule requires the opposite: if competency is disputed, and proof of competency is absent, the court must find that the defendant is not competent. See Minn. R. Crim. P. 20.01, subd. 5.
When district courts have applied the wrong burden of proof in the past, we have remanded to the district court for further consideration because appellate courts are not usually empowered to make or modify findings of fact. Lumpkin v. N. Cent. Airlines , Inc. , 296 Minn. 456, 209 N.W.2d 397, 401 (1973). Similarly, in State v. Mauer , we concluded a remand to the district court was necessary because we could not be certain that the district court would have made the same findings of fact had it applied the correct legal standard. 741 N.W.2d 107, 116 (Minn. 2007). See also State v. Engle , 743 N.W.2d 592, 596 (Minn. 2008) (holding that a remand to district court was necessary where it made a legal error in findings issued following a bench trial). As part of our analysis in Mauer , we observed that the district court was "in the best position to review the record and reach a conclusion as to whether [the defendant] was subjectively aware of a substantial and unjustifiable risk that the videos he ordered ... would involve minors." 741 N.W.2d at 116. Here, we likewise conclude that the district court is in the best position to apply the correct burden of proof to the evidence in the record.
CONCLUSION
For the foregoing reasons, we reverse the decision of the court of appeals and remand to the district court for proceedings consistent with this opinion.
Reversed and remanded.

Minnesota Rule of Criminal Procedure 20.01 addresses a defendant's competence to waive counsel, plead, be tried, or be sentenced and sets forth the circumstances under which a court must order an evaluation and the requirements for such competency examinations. Minnesota Rule of Criminal Procedure 20.02 addresses the defenses of mental illness or deficiency. Minnesota Rule of Criminal Procedure 20.04 provides that a court may order a civil commitment examination under Minn. Stat. ch. 253B (2018), simultaneously with examinations under Minn. R. Crim. P. 20.01 -.02. Only the rule 20.01 portion of the evaluation-regarding Curtis's then-current capacity to stand trial-is at issue in this case.

Minnesota Rule of Criminal Procedure 20.01 was amended in 2018. See Order Promulgating Amendments to the Minnesota Rules of Criminal Procedure, Nos. ADM10-8046, ADM10-8049, at 4 (Minn. filed June 28, 2018). What was subdivision 5(f) in Rule 20.01 when the district court made its competency determinations is now subdivision 5(c) in that rule. See id. The language of the subdivision was not changed. Id.

A recent survey regarding how states allocate the burden of proof in competency determinations is consistent with the Supreme Court's observation in Medina . See Steven R. Marino, Comment, Are You Sufficiently Competent to Prove Your Incompetence? An Analysis of the Paradox in the Federal Courts , 6 Seton Hall Cir. Rev. 165, 180-82 (2009) ("At best, a survey of the states illustrates a lack of uniformity.").

In Ganpat and in this case, the State is the party advocating that the defendant is competent. Accordingly, it is not necessary for us to decide whether the allocation of the burden of proof would be different if the State were the party challenging the defendant's competence.

The court of appeals also suggested that Ganpat was inconsistent with Bonga , 797 N.W.2d at 717-19. See Curtis , 907 N.W.2d at 218-19. We disagree. Bonga addressed who has a duty to bring to the court's attention concerns about a defendant's competency, not who bears the burden of proving competency. In Bonga , we said that the "prosecutor, defense attorney, and the court share the duty to protect the right of a defendant not to be tried or convicted while incompetent." 797 N.W.2d at 718. This shared duty to bring to the court's attention any doubts about the defendant's competency under Minn. R. Crim. P. 20.01, subd. 3 does not implicate or alter the burden of proof under Minn. R. Crim. P. 20.01, subd. 5. Rather, who bears the burden can only be ascertained once a party affirmatively asserts that a defendant is competent to stand trial during the process set forth in Minn. R. Crim. P. 20.01, subd. 5.

We also cited Minn. R. Crim. P. 20.01, subd. 3(6) (2009) (amended Oct. 27, 2009), which used the phrase "greater weight of the evidence." Ganpat , 732 N.W.2d at 238. The phrase "greater weight of the evidence" is synonymous with the phrase "preponderance of the evidence." See State v. Chavarria-Cruz , 784 N.W.2d 355, 366 (Minn. 2010) (Gildea, J., concurring); 23 Ronald I. Meshbesher & James B. Sheehy, Minnesota Practice-Minnesota Trial Handbook for Minnesota Lawyers , § 39:5 (2018-19 ed.) ("Most courts, however, have replaced the 'fair preponderance' language with the phrase 'greater weight of the evidence.' ").

The version of the rule that the district court applied in making Curtis's competency determination, Minn. R. Crim. P. 20.01, subd. 5(f) (now subd. 5(c) ), reads: "Burden of Proof and Decision. If the court finds by the greater weight of the evidence that the defendant is competent, it must enter an order finding the defendant competent. Otherwise, the court must enter an order finding the defendant incompetent." Because the final sentence remains functionally the same, the analysis in Ganpat is still sound.

See also Howard v. Marchildon , 228 Minn. 539, 37 N.W.2d 833, 836 (1949) ("Where a party having the burden of proof with respect to a particular issue fails to sustain such burden, decision as to such issue must go against him."); Maher v. Duluth Yellow Cab Co. , 172 Minn. 439, 215 N.W. 678, 679 (1927) (explaining that the burden of proof is with the affirmative and the negative prevails automatically without evidence either way); Meshbesher & Sheehy, supra note 6, § 9:1 ("Accordingly, where there is an absence of evidence on a particular issue of fact, the assignment of the burden of proof will decide the issue against the party with the burden.").